CLARK vs. McCLAUGHRY.

A *writ of error* brought upon a judgment of a court of common pleas in an *appeal cause*, will be quashed, unless a certificate that the case is a proper one to be reviewed, be obtained within *thirty days* after the filing of the record of judgment in the common pleas.

It is no excuse that the plaintiff in error had not notice of the filing of the record; and relief will not be granted where the thirty days are suffered to elapse, unless there be fraudulent practice on the part of the plaintiff below.

A. TABER, for the defendant in error, moved to quash the writ of error, as having been irregularly issued.

McClaughry sued Clark in a justice's court and recovered judgment. Clark appealed to the common pleas, where McClaughry again recovered; but certain exceptions were taken by Clark, on the trial which took place in December, 1839. Time being given by stipulation, a bill of exceptions was served on the 10th of January, 1840, to which amendments were proposed, and the papers submitted for settlement on the 25th. The bill was soon after settled; and the papers handed to the attorney of the defendant below, the plaintiff in error to engross. This was delayed, and on the 13th of February, the plaintiff below perfected judgment, by filing his record; and soon after issued execution.

After more than thirty days had elapsed from the day of filing the record, the defendant below procured from the judge who presided at the trial, a certificate that the cause was a proper one to be carried to this court. *Statutes of 1836, p. 794, § 2.* This was granted on the 23d of March, and on the 4th of April, the judge allowed a writ of error, and ordered a stay of proceedings on the execution. The certificate was ante dated on the ground that it had been bespoken before the 23d of March.

*J. Edwards,* contra, read an affidavit showing that the attorney of the defendant below had not notice of judgment being perfected till the 20th of March. And he insisted

that the thirty days' limitation in the statute should not be allowed to run till after notice of judgment to the party desiring to bring error.   That at any rate, this court should allow the plaintiff in error to proceed, under the circumstances, inasmuch as the judgment was perfected while the preparation of the bill of exceptions was in progress ; and the defendant below might well suppose that judgment would not be perfected till after the bill was completed.

*By the Court*, Cowen, J.   The statute of 1836, *ch.* 526, *p.* 794, (3 *R. S.* 392, *2d ed.,*) declares, section first, that judgments of the common pleas on appeal or certiorari from a justice's court, shall be final and conclusive, except for the purpose of granting a new trial by the common pleas in a proper case.   The second section provides that, at any time within thirty days after the record of judgment shall have been filed, the first judge, or in his absence any other judge of the court below, who was present at the trial or hearing, may, in his discretion, grant a certificate that, in his opinion, the cause is a proper one to be carried to the supreme court ; in which case, and *in no other*, a writ of error may be brought.   Here the thirty days passed before the certificate was obtained, and the only question, so far as regularity is concerned, arises out of the objection that the limitation does not run till notice of filing the record shall be served.   The statute says nothing of notice ; and in the construction of the various statutes of limitation, its necessity in order to their running, has been uniformly denied.   They run even against a fraud, unless, perhaps, it be perpetrated with the direct view to defeat the statute.   That is not shown in the case at bar ; and there was an indifference manifested on the part of the plaintiff in error, which rather leads to a distrust of his intenion to bring error, except for the purpose of delay.   The utmost he can pretend is surprize, from the circumstances that the engrossment and signing of the bill were not completed, which depended entirely upon himself ; and the delay of which, in any view, was not incompatible with the regular perfecting of the judgment.

Freeland v. Seely.

Then, it is supposed we may relieve on terms. I do not believe we can relieve at all where the thirty days are allowed to elapse, unless in the single case of a fraudulent filing of the record with a view to defeat the writ; and then the motion would belong most properly to the court below. Such a perfecting of the judgment would be irregular, and should doubtless be set aside. Perhaps we might disregard it, in a strong and clear case of fraud. This is far from being such a case. The plaintiff in error himself, procured an ante dated certificate from the judge. The fraud lies in the wrong quarter; and to this moment we are not informed what the errors complained of are. Surely when the party comes for terms he should, at least, after what has transpired here, show a clear and strong case of error in the court below. It is not enough that he has been negligent and suffered himself to be surprized by regular practice. The general opinion of the attorney and the certificate of the judge that there was error, both come with less authority than if the latter had not been ante dated. The motion is granted.