By the Court,

Nelson, Oh. J.
By the act of May 26th, 1836, (Sess. Laws of 1836, p. 794, § 2,) the first judge, &c. may, on application of the party aggrieved, “ at any time within thirty days after the record of judgment shall have been filed, grant a certificate,” &c. • The object of this provision was to fix a limitation of time after which the certificate should not be granted. But I can see no objection to the giving of it at any time after the trial, provided it be not delayed beyond thirty days from the filing of the judgment record.(a) The act of granting the cer *374 tificate is in no way connected with or dependent upon the entry of judgment, and the earlier the application is made to the judge, the better, it is to be presumed, will be his means of determining the propriety of granting it, as he can then probably recollect the details of the case more accurately than at any subsequent period.
The writ was improperly allowed before being filled up, and is clearly irregular in having been allowed before the teste; that is, before it had a legal existence. The plaintiff in error may, however, amend on payment of costs.
Ordered accordingly.(b)

 If no certificate be obtained within thirty days after filing the judgment record, the writ of error will be quashed; and it will be no answer to the motion to quash, that the plaintiff in error had not notice of the fil *374 ing of the record. Where, however, there has been a fraudulent filing of the record with the direct object of defeating the writ, it seems the plaintiff in error may be relieved on terms. (Clark v. McClaughry, 22 Wend. 627.) And, in general, where an act is required to be done by statute within a given, number of days, the court have no dispensing power, and cannot enlarge it; though it is otherwise in respect to time as depending on the mere rules or practice of the court. The distinction to be observed on this subject was pointed out by Marcy, J. in Jackson, ex dem. Bleecker, v. Wiseburn, (5 Wend. 136,) thus: “ It is the ordinary course of the court to enlarge the time to plead, or other time prescribed for any purpose by the rules or practice of the court; hut neither a commissioner in vacation nor the court in term can enlarge the time within which an act is to be done, when such time is regulated by statute. The rules and practice of the court being established by the court, may be made to yield to circumstances, to promote the ends of justice. Not so as to a statute; it is unbending, requiring implicit obedience as well from the court as from its suitors.”

 The point that the writ of error was returnable before the day on which judgment was actually signed and filed of record, seems not to have been directly passed upon by the Chief Justice ; and would probably be regarded as sufficiently answered by the fact, that the return day was after the commencement of the term next preceding the filing of the record, the latter having taken place in vacation. Mr. Graham seems to favor the notion that the writ should be returnable after judgment record actually filed, &c. (Grah. Pr. 947, 2d ed.) But in Hill v. Tebb, (1 N. R. 298,) the writ was returnable on the 16th of June, and judgment was not signed till two days afterward; and the court sustained the proceedings on the ground that the judgment, when signed, related back to the 14th of June, which was the first day of the term, and consequently was prior in date to the day on which'the writ was returnable. See also Somerville v. White, (5 East, 145 ;) Arnold v. Sandford, (14 Johns. Rep. 407.) Further as to this general doctrine of re *375 lation, see Lush v. Hastings, (1 Hill, 656, 660,) and Bragner v. Langmead, (7 T. R. 20.)
A writ of error was not amendable at common law; Thompson v. Crocker, 1 Salk. 49, S. C. 1 Ld. Raym. 564; Walker v. Stokoe, 1 Ld. Raym. 71;) and even under the somewhat liberal provisions of 5 Geo. 1, c. 13, it was held, that if the writ were made returnable before judgment given, (i. e. the day to which it relates,) it was a fault which could not be cured by amendment. (Wilson v. Ingoldsby, 2 Ld. Raym. 1179 ; Canning v. Wright, id. 1531, S. C. 2 Strange, 807; Rejindoz v. Randolph, id. 834; Vice v. Burton, id. 891; and see Arden v. Lamley, Barnes, 250.)
Whether a defect of this character would be amendable under our statute, (2 R. S. 424, § 1, et seq.j quere. See, as to the construction of this statute, the observations of Bronson, J., in Parke v. Heath et al. (15 Wend. 301;) The People v. Superior Court, &c. (18 id. 675, 677.)