By the Court,

Bronson, J.
The justification was insufficient for the want of notice to the opposite party. It is then made a question whether the defendants in error are not confined to the remedy provided by the statute, viz. an application to an officer at chambers for an order superseding the writ. We think not. Motions to supersede the writ have often been made here. (Murray v. Buck, 10 Wend. 619; Stearns v. Kenyon, 5 Hill, 519.) The statute only provides an additional remedy, without taking away the common law power of the court over its own process. It seems that the court of errors will not entertain such a motion. (Boyd v. Weeks, 6 Hill, 71.) But this is a mere question of practice, which each court may settle for itself.
*157 As the time and. mode of justifying bail in error have been regulated by statute, it is said that the plaintiff can have no relief. The time for doing an act, when prescribed by statute, cannot be enlarged by a commissioner. (Jackson v. Wiseburn, 5 Wend. 136.) And there are cases where if the party neglects to act within the proper time, his right will be gone beyond the power ofrelief. (See Clark v. McClaughry, 22 Wend. 627.) (a) But as a general rule, when the thing was done in due season, though in a defective manner, the party may be relieved; and defaults will be set aside, in cases where the practice is regulated by statute, as well as where it depends on the rules of the court. (Murray v. Buck, 10 Wend. 619; Stearns v. Kenyon, 5 Hill, 519; Platt v. Torrey, 18 Wend. 572; Smith v. McFall, id. 521; Hawley v. Bates, 19 id. 632; Whaling v. Shales, 20 id. 673; Cutler v. Rathbone, 1 Hill, 204.) The plaintiff should be allowed to justify anew on paying the costs of the motion.
Ordered accordingly.

 See also Moot v. Parkhurst, (2 Hill, 372.)