BEACH *vs.* SOUTHWORTH and LITCHFIELD.

It is irregular to file an undertaking, given on taking an appeal, without the same having been proved or acknowledged, pursuant to the 120th rule.

A party appealing must serve upon his adversary copies of all the papers which he is required to file in order to perfect the appeal.

Accordingly held necessary to serve a copy of the certificate of a judge, obtained pursuant to section 299 of the code.

Notice must be given to the opposite party of the names and additions of the sureties to an undertaking given upon bringing an appeal.

Such notice must contain the names and additions of the sureties, specifying their calling or occupation, and, in the city, the number of the street where they reside.

An undertaking upon an appeal is of no validity or effect, unless it has been approved, in the first instance, by a judge of the court below.

But the want of an approval is such a defect as will not prejudice the rights of the party to whom, or for whose benefit, the undertaking has been taken ; and it therefore comes within the provisions of the revised statutes relative to the sufficiency of bonds, and amending defects therein, and may be amended in that respect.

On appeals from *orders* made upon special motions, as distinguished from *judgments*, no security is required.

IN EQUITY.　This was an appeal from an order made at a special term of this court, dissolving the injunction that had been issued, and denying the motion for the appointment of a receiver.

*By the Court,* EDMONDS, J.　A motion is made to dismiss the appeal in this case, on several grounds. 1. Because the execution of the undertaking given on taking the appeal is neither proved nor acknowledged.　To file an undertaking without that prerequisite is undoubtedly irregular.　The 120th rule requires peremptorily that " all bonds or written securities shall be duly proved or acknowledged in the manner prescribed by law for the proof or acknowledgment of deeds of real estate, before the same shall be received or filed." This rule is still in force, and in no instance can an undertaking be received or

Beach v. Southworth.

filed, nor will any be approved by the judges of the court, unless duly proved or acknowledged pursuant to this rule.

2. The next objection is, that no certificate of a judge had been obtained, pursuant to section 299 of the code. It appears, however, that such a certificate had indeed been granted, but a copy of it was not served on the opposite party, with the notice of the appeal. This also was irregular. The party appealing must serve on his adversary copies of all the papers which he is required to file in order to perfect the appeal, so that the respondent may know, without being under the necessity of searching the clerk's office to ascertain, whether all the steps have been taken, which are necessary to making a perfect appeal.

3. Another objection is that no notice was given of the names and additions of the sureties to the undertaking. This also is an irregularity. The respondent has the right to except to the sureties when required, within a certain period after notice of the appeal. In order to enable him to do that, he must, with the notice of appeal, know who the sureties are; for unless he does, and he shall be compelled to go to the clerk's office, always, to find out who the sureties are, he may be deprived of a part or perhaps the whole of the time for exception which the statute allows. This notice of the sureties must contain their names and additions, specifying their calling or occupation, and in the city, the number of the street where they reside.

All these irregularities are merely in contravention of the rules of court which may be dispensed with on terms, so as to arrive at the substantial merits. But it is alledged that there is another defect in these proceedings which is in contravention of a requirement of a statute; and the question is whether that is fatal to the proceeding, or can be remedied by amendment. By section 290 of the code it is enacted that an undertaking upon an appeal shall be of no effect unless it be approved in the first instance by a judge of the court below, &c.

The undertaking on this appeal has not received such an approval, nor could it probably have obtained it; for it does not contain any description of the persons who executed it, which it certainly ought to do, as otherwise it might be difficult to as-

certain what precise individual it was who had signed it or was to be bound by it.

In this respect this appeal is imperfect, if security is required; for the undertaking, without such approval, can be of no effect. This being a requirement of a statute we can not dispense with it, as we may with those things which are required by our rules only. We can dispense with it only when authorized to do so by statute. The motion here is to amend these proceedings, by obtaining now the required approval.

There may be some doubt whether we could allow the amendment asked for, under the provisions of the code, because section 366, which allows the time within which any proceeding in an action must be had after its commencement and before judgment, to be enlarged, expressly excepts the time within which an appeal must be taken. The revised statutes however seem to have made provision for such a case.

By 2 R. S. 556, § 33, in regard to bonds, (for which undertakings are now substituted,) it is enacted that a bond need not conform in all respects to the form required by any statute, but the same shall be deemed sufficient if it conform substantially and do not vary in any matter prejudicial to the rights of the other party. By section 34, whenever such bond shall be defective in any respect, the court, officer, or body who would be authorized to receive it, or to entertain any proceedings in consequence of it, may amend the same in any respect, and thereupon it shall be deemed valid from the time of its execution.

The main object of the approval required in such cases must be to secure an undertaking which shall be good in point of form, since the sufficiency of the sureties is provided for by the exception and examination which is allowed. And the approval does not seem to be essential to the rights of the respondent, since it does not conclude him as to the validity of the undertaking, or the sufficiency of the sureties.

The approval is essential to the sufficiency of the undertaking as a part of the machinery necessary to taking an appeal, not to its validity as between the parties to it; and the want of it is such a defect as will not prejudice the rights of the party to

Beach *v.* Southworth.

whom, or for whose benefit, the undertaking has been taken. It comes therefore within the 34th section of the revised statutes, and may be amended in this respect.

It is not, however, necessary for us to decide this point, because we are of opinion that on appeals from "orders" as distinguished from "judgments," no security is required ; but we throw out these suggestions in the hope that by stating our views, we may do away with many of the irregularities which we are compelled so frequently to witness, and which seem to have their origin in entire forgetfulness of that provision of the code, ($ 389,) which enacts that the practice and rules of the court, where not inconsistent with the code, shall continue in force, subject to the power of the court over them as it now exists. By recollecting this, and practising accordingly, many of the defects alluded to would be avoided, and until that shall be done we shall be compelled to subject the erring party to the costs of correcting the errors, even when they do not affect the substantial rights of the parties.

In this case, the irregularity which has occurred, in taking the appeal, is the omission to serve the judge's certificate with the notice of appeal. If security had been required on the appeal, there would have been several additional irregularities, such as the omission to have the undertaking proved or acknowledged pursuant to the 120th rule ; the omission to obtain the judge's approval of it, the omission of a proper description, in the undertaking, of the parties who have entered into it, including their names in full, residence and occupation, and the omission of a notice of the names and additions of the sureties. These things will be required in all cases where an undertaking is to be given under the code. But in this case these omissions are none of them irregularities, because no security is required upon an appeal on a special motion.

For the irregularity which has occurred here, as it does not affect the merits, we do not quash the appeal. We deny the motion, on payment of costs, on condition that the appellant forthwith serve a copy of the judge's certificate.