## SUPREME COURT.

### BLOOD agt. WILDER.

On an appeal from an inferior court to the Supreme Court, the respondent should have information of the residence of the sureties.

*It seems* the undertaking must state their residence.

*Essex Special Term, March* 1852. A. POND, moved to dismiss an appeal from the judgment of the County Court reversing the judgment of a justice.

It appeared that a certificate of a justice of this court had been obtained and filed.

An undertaking was also acknowledged and filed, and the sureties had justified; but it no where appeared in the undertaking or acknowledgment or justification, where the sureties resided.

Notice that the plaintiff appealed, with a copy of the under-taking had been served; but no copy or notice of the judge's certificate, nor copies of the acknowledgment or justification by the sureties, nor notice of their residence or additions had been given.

S. C. DWYER, *Contra.*

HAND, Justice.—It would seem Mr. Justice EDMONDS understands the practice to be, particularly on an appeal from an order, to serve copies of all the appeal papers (Beach vs. Southworth, 6 *Barb.* 173). No doubt this would be more convenient to the profession; or, at least, to require notice of filing the certificate required by § 344, together with a copy of the undertaking, and notice of the names, residence and addition of the sureties.

Perhaps no notice need be given of the judge's certificate (see 22 *Wend.* 627). But, however that may be, § 340 requires that a copy of the undertaking, including the names and residence of the sureties be served. The sentence is blindly expressed, but it is pretty difficult to see how a copy can include the residence of the sureties unless included in the original.

The undertaking in this case does not state the residence of the sureties, nor did any of the papers on the appeal.

It is contended that this is unnecessary on an appeal to this court from an inferior court; but § 245 requires security to be given " in the same manner" as in § 340; and if that undertaking must contain their residence, the same is required by § 345. At any rate, I think the respondent should, in some way, have notice of the residence of the sureties. It would sometimes be difficult to ascertain their ability, &c. without this information (see 2 *R. S.* 595, § 34).

The motion must be granted, but with leave to amend.