# SUPREME COURT.

### JOHN H. NILES agt. HARMAN T. VANDERZEE.

Where an attachment against an absconding debtor has been regularly issued upon an order made upon sufficient evidence to confer jurisdiction upon the justice; the order can be reversed only on *appeal*.

The defendant was proceeded against as an absconding debtor, by attachment, and the usual publication of the summons commenced. In a few days afterwards the defendant returned and called upon the plaintiff's attorney, and inquired as to the amount of the plaintiff's claim. Plaintiff's attorney handed him a copy of the summons and complaint, saying: "There is a copy of the summons and complaint for you, in which is contained the whole amount of the claim." The defendant took the papers and read them, and laid them down on a desk and started to go away, and the attorney requested him to take the papers with him, but the defendant replied that he did not want them.

On the plaintiff's entering judgment thereon, for want of an answer or demurrer as upon *personal service*, *Held*, that he was irregular.

The publication was continued after the alleged personal service; and besides, if the plaintiff's attorney had intended to rely upon the personal service, he should have distinctly so informed the defendant.

*Albany Special Term, July,* 1855.

MOTION to set aside attachment, &c.

On the 9th of June, 1855, the plaintiff, upon affidavits showing that the defendant was largely indebted to him, and tending to show that the defendant, who had been engaged in business in Albany, had absconded; procured a warrant of attachment against his property. The usual order for the publication of the summons was also made, and the publication commenced according to such order. Soon after these proceedings were instituted, the defendant returned. On the 20th of June, he called with a friend, at the office of the plaintiff's attorney, for the purpose of ascertaining the amount of the plaintiff's demand. The attorney states, that in answer to some remark or inquiry on that subject, he, the attorney, handed to the defendant a copy of the summons and complaint, saying: "There is a copy of the summons and complaint for you, in which is contained

the whole amount of the claim ;" that the defendant took the papers and opened them, and appeared to examine them, and then handed them to his friend, who also examined them ; that he, the attorney, also at the same time, read to them the original papers aloud ; that some further conversation was had, when the defendant left; that the copy, summons and complaint, were lying on the desk, and the attorney, as the defendant was leaving, requested him to take the papers with him, but he replied that he did not want them.

On the 11th of July, the attorney made an affidavit, stating that on the 20th of June, he had served the summons and complaint on the defendant, whom he knew to be the person mentioned and described therein; that he delivered to him a copy thereof, which the defendant received and appeared to examine, and upon this and another affidavit, showing that the attorney had received no answer or demurrer in the action, judgment was perfected on the same day.

The defendant moved to set aside the attachment and order for publication upon affidavits, showing that he left home for the purpose of collecting some debts, and that he stated to his friends where he was going, and that he would be absent about ten days. The defendant also moved to set aside the judgment for irregularity, upon affidavits showing the facts already stated.

G. I. VAN ALEN, *for plaintiff.*
S. G. COURTNEY, *for defendant.*

HARRIS, Justice. Upon the facts as they appear upon this motion, it is very clear that the attachment ought not to have been allowed. On the other hand, there was evidence enough before the judge who granted the warrant, to give him jurisdiction. The attachment was, therefore, *regularly* issued. Whether or not the defendant had absconded, was a question of fact which the judge was called upon to decide upon the evidence before him. The order being regular and having been made upon sufficient evidence to confer jurisdiction, can only be re-

versed upon appeal. (*Conklin* agt. *Dutcher*, 5 *How*. 386 ; *Bank of Lansingburgh* agt. *McKee*, 7 *How*. 360.) The latter case was affirmed upon appeal, though I am not aware that the decision of the general term has been reported. (*See also The New-York and Erie Bank* agt. *Codd*, 11 *How*. 221.) I am not at liberty, therefore, upon this motion, to set aside the attachment, even though I may be satisfied that it ought not to have been granted.

But I think the judgment should be set aside. If the plaintiff's attorney had intended to abandon his proceedings against the defendant, as an absconding debtor, and to proceed against him upon a personal service of the summons and complaint, he should have so informed him. The publication of the summons was continued after the personal service upon which the plaintiff relies, as before. The defendant had no reason, from anything that was said or done at the office of the attorney, on the 20th of June, to suppose that it was intended to abandon the proceedings already instituted and in progress. It is evident from the defendant's affidavit, that he did not so understand it. The attorney should have distinctly informed the defendant that he intended, notwithstanding the order of publication already obtained, to avail himself of the opportunity of commencing his action by personal service, and that the copy, summons and complaint, were delivered for that purpose. The judgment having been perfected as upon personal service, and before the order for publication had expired, was irregularly entered and must be set aside. The defendant should have the usual time to answer the complaint after being served with a copy, and as neither party has wholly succeeded upon this motion, neither should have costs against the other.