# SUPREME COURT.

## BELLINGER agt. GARDINER.

Whether an *undertaking*, required on granting an order of arrest, (§ 182) is to
be executed by the *plaintiff*, with sureties, or *without the plaintiff*, and one
or more sureties on his behalf, is a matter resting entirely in the *discretion* of
the judge who issues the order. (*See Richardson* agt. *Craig,* 1 *Duer,* 666,
*adverse.*) And this discretion cannot be called in question, or reviewed on
a motion to discharge from arrest.

A defective undertaking may be *amended,* under the provisions of the Revised
Statutes, (2 *R. S.* 787, §§ 33, 34,) and § 173 of the Code, on a motion to dis-
charge from arrest. (*See Beach* agt. *Southworth,* 6 *Barb. S. C. R.* 173, *to
the same effect.*)

*At Chambers, New-York, Feb.,* 1856.

JOHN M. MARTIN, *for motion.*
A. S. GARR, *opposed.*

DAVIES, Justice.    Motion to discharge the defendant from
arrest on the ground that the undertaking, executed at the time
the order of arrest was granted, was not signed by the plaintiff,
but by the sureties only.

Section 182 of the Code requires that, before making the
order of arrest, the judge shall require a written undertaking
*on the part of the plaintiff,* with or without sureties, to the
effect, &c.

If the undertaking be executed by the plaintiff without sure-
ties, he shall annex an affidavit that he is a resident and house-
holder—a freeholder within the state, and worth double the
sum specified in the undertaking.

It is contended, in support of the motion, that this provision
means, that in all cases the judge shall require a written under-
taking by the plaintiff—that is, executed or signed by him;
and that an undertaking not signed or executed by him is to

be regarded as a non-compliance with this provision of the Code.

But is it not manifest, that " on the part of the plaintiff," or " on behalf of the plaintiff," which are equivalent expressions, is denoted substitution, that the thing is to be done, by others, in behalf of, or on the part of, and not by the person himself?

By section 334, on an appeal to the court of appeals, a written undertaking must be executed " on the part of the appellant."

By § 222, in reference to security upon injunction, it is provided, that " the court, or judge, shall require a written undertaking *on the part of the plaintiff*, with or without sureties," &c. Under this section it has been held by the superior court, that when a non-resident plaintiff applies for an injunction, he must furnish an undertaking, executed by a resident surety. (1 *Sand.* 700.) Is not such an undertaking on the part of the plaintiff?

It seems to me, that if the framers of the Code had intended that the undertaking should have been in all cases executed by the plaintiff, they would have said so, and not used the expressions which they have. These clearly indicate, to my mind, that they did not intend to require the undertaking in every case to be executed by the plaintiff or appellant; and that if done on his part or behalf with sufficient and satisfactory security, it is a full compliance with the Code.

I think this view is fully sustained by the case in this court, of *Courter and others* agt. *M'Namara,* (9 *How. Pr. Rep.* 255.) In that case a motion was made to set aside the order of arrest. Upon the making of it, an undertaking was presented, executed by one Ferguson, on the part or behalf of the plaintiffs. Harris, Justice, held the undertaking sufficient, though it does not distinctly appear that the precise point now under consideration was raised. I cannot doubt, however, that it escaped the observation of that intelligent judge. He says, " As I understand it, the meaning of this is, that the judge shall require security to be given, but it is left to him to determine upon the sufficiency of that security. If an undertaking executed by one surety is deemed sufficient, the law is satisfied. If more are

required, more must be given. So in case of the order for arrest, the judge may not require security at all; but if he does, he is to determine upon the sufficiency of the security. It may be one or more sureties. The only restriction upon his discretion, if security is required at all, is, that the form of the security shall be by the execution of an undertaking by one or more sureties. This, I think, is all that the provisions of the section contemplate. If so, it follows that there was no irregularity in granting the order of arrest upon an undertaking executed by one surety."

I regard it, therefore, as entirely within the discretion of the judge issuing the order, whether he will accept an undertaking executed by the sureties, or a surety only, on the part of the plaintiff, and that the exercise of his discretion cannot now be called in question.

I have not overlooked the case of *Richardson* agt. *Craig*, (1 *Duer*, 666,) where DUER, justice, in the superior court, refused to grant an order of arrest, upon the ground that the undertaking, on the part of the plaintiff, was executed only by the surety, and not by the plaintiff. He held, that in all cases under § 182 of the Code, the undertaking must be signed by the plaintiff, and that the Code admitted of no other interpretation. He did incline to the opinion, that when the plaintiff was a married woman, or an infant, the same might be signed by the next friend or guardian, and that this would be a signing by the plaintiff.

I have reflected much upon this case, and cannot reconcile it with the language of the Code. My high respect for the eminent jurist who gave this opinion, and for those who concurred in it, have led me to doubt the correctness of my own conclusions. But they are so clear to my own mind, and are sustained, as I believe, by the authorities in this court, and the practice in it, that I cannot hesitate to follow the latter.

But if this objection to this undertaking were well founded, I have no doubt that under the provisions of the Revised Statutes, (2 *Rev. Stat.* 556, §§ 33, 34,) I have the power to permit the undertaking to be amended, by having the same executed

Bellinger agt. Gardiner.

by the plaintiff, and that, under § 173 of the Code, it would be my duty so to do, if I thought the undertaking defective. *Beach* agt. *Southworth*, (6 *Barb. S. C. R.* 173,) is authority for this.

By § 341 (formerly 290) of the Code, it is enacted, that an undertaking upon an appeal shall be of no effect, unless it be approved, in the first instance, by a judge of the court below, &c. The undertaking on the appeal in that case had not received such approval. In that respect, that appeal was imperfect, if security is required; for the undertaking without such approval could be of no effect.

EDMONDS, J., in delivering the opinion of the court, held, that these sections of the Revised Statutes were applicable to undertakings under the Code, and that it was competent for the court to amend the same *in any* respect; and that, thereupon, it shall be deemed valid from the time of its execution; and that the case came within the 34th section of the Revised Statutes, and might be amended in this respect.

The motion, therefore, to discharge the defendant is denied, but without costs.