CHARLES A. EASTON *et al.* Appellants, *against* NICHOLAS MALAVAZI, Respondent.

(Decided April 2d, 1877.)

Where the affidavits upon which a warrant of attachment is granted state facts and circumstances which have a legal tendency to make out the essential statutory facts required to be shown, and fairly call upon the magistrate to whom the application for the warrant is made to exercise his judgment on the sufficiency of the evidence, this is enough to give the magistrate jurisdiction to issue the warrant and to sustain it in case it is attacked on the ground that the facts stated do not make a case within the statute.

The rule is the same whether the warrant is attacked in a collateral proceeding as being void for want of jurisdiction, or whether a direct application to set it aside is made in the action in which it was granted.

Where the essential statutory fact to be shown was concealment with intent to avoid service of a summons;—*Held*, that affidavits alleging absence of the defendant from his usual place of business and resort soon after the debt had been demanded of him, coupled with his refusal, when asked by plaintiff to give his address or residence, contained enough to fairly call upon the magistrate for the exercise of his judgment upon the evidence.

APPEAL from an order made at special term by Judge JOSEPH F. DALY, granting a motion to vacate an attachment.

The motion was made on the papers upon which the warrant of attachment was granted. The facts are stated in the opinion.

*Sherwood & Howland*, for appellants.

*Geo. C. Holt*, for respondent.

CHARLES P. DALY, Chief Justice.—The attachment was granted upon what was deemed by the judge who made the order satisfactory evidence, by affidavit that the defendant kept himself concealed in the city, with intent to avoid service of a summons, and it was vacated upon the ground that there was not sufficient upon the face of the affidavit to show

*prima facie* that the defendant had concealed himself with
such an intent.    An attachment cannot be vacated if there
was enough in the affidavit to give the judge who made the
order jurisdiction ; and if the facts and circumstances stated
in it had a legal tendency to make out the charge, and fairly
called upon the officer for an exercise of his judgment, upon
the sufficiency of the evidence, the attachment cannot, even if
his conclusion was erroneous, be vacated on the ground that
it was void for want of jurisdiction.    This has long been the
settled rule in this State.    It was doubted, however, whether
this was the rule where the sufficiency of the affidavit was
brought up directly by a motion to set it aside in the court
where it was granted, or where the sufficiency of it came up
for review upon appeal.    It was supposed that this was the
rule only where the question arose collaterally in an action
or proceeding in which the attachment was claimed to be
void for want of jurisdiction.    In *Skinnion* v. *Kelly* (18 N.
Y. 355), it was said by Johnson, Ch. J., that if the proof in
the affidavit had a legal tendency to make out a case under
the statute, although it were so slight and inconclusive that
it would, upon a direct proceeding be reversed; yet, in a
collateral proceeding or action, it would be deemed valid,
because, although the decision might be erroneous, it was
not void.    This distinction, however, has been repudiated by
the Court of Appeals in the recent case of *Schoonmaker* v.
*Spencer* (54 N. Y. 366), in which it was distinctly held, seven
of the judges concurring, that the rule was the same whether
the question of the sufficiency of the affidavit arise in a
direct or a collateral proceeding, so that all doubt on this
point may now, in this State, be regarded as at an end.    It
was said by Denio, J., in *Van Alstyne* v. *Erwine* (11 N. Y.
340, 341), that the law has committed to the judge who
grants the attachment the duty of determining as to the
cogency of the proof ; that, were it otherwise, it would ren-
der such proceedings extremely hazardous, not only to the
parties setting them on foot, but to the officers concerned in
their execution ;  for when we determine that a sufficient
case was not made out for the exercise of the judgment of

the officer, we must consider the judge and all the parties trespassers in whatever they do ; that a liberal indulgence therefore must be extended to those proceedings, even upon questions of jurisdiction, if we would not render them a snare rather than a beneficial remedy, which was in accordance with the previous decision of the Supreme Court in the matter of *Faulkner* (4 Hill, 589), in which it was held that it was sufficient if there was enough in the affidavit to call upon the officer for the exercise of his judgment upon the sufficiency of the evidence; that if he erred in his decision upon a question thus fairly presented, it would not be fatal to the proceeding ; that it was only when there was a total want of evidence upon an essential point that there would be a failure to acquire jurisdiction. And the rule may be pertinently illustrated by what was said by Harris, J., in *Niles* v. *Vanderzee* (14 How. Pr. 547), that he was not at liberty to set aside the attachment, even though he might be satisfied that it ought not to have been granted.

The circumstances set forth in the affidavit in this case were slight, but they were sufficient, in my judgment, to give the judge who granted the attachment jurisdiction. It was stated that the defendant visited the plaintiff's place of business daily, and wrote and received letters, and transacted his business there; that the plaintiff King, who made the affidavit, believed from his conversation with the defendant, that that was the only place where the defendant attended to his monetary and business affairs; that during this period the defendant was accustomed to frequent the Cotton Exchange, in this city, nearly every day, and that he, the deponent, was well acquainted with the places visited by the defendant and his habits during business hours ; that, on the 8th of November, 1876, the defendant became indebted to the plaintiffs in the sum of $899 59 upon cotton purchased by them for him; that, on the 8th of November aforesaid, they requested him to pay the amount, and that he promised to do so ; that they frequently requested him to pay it and that from time to time he promised to do so ; that on December 1st the plaintiffs determined, after

advising with counsel, to sue the defendant, and about that time conversed with him about the payment of this amount, and at the same interview asked him where he resided, and that he refused and declined to give his address or say where he resided; that, after the 1st of December, the defendant visited the plaintiffs' place of business but once, when he came for his letters. The affidavit was made on the 14th of December, and the plaintiff King who made it, states that since the 1st of December he had searched and looked for the defendant; that he made inquiries concerning his movements and whereabouts at the places usually visited by him, to get such information as would secure the service of a summons upon him, but was informed, at said resorts, that since the 1st of December he absented himself therefrom, except on rare occasions and at unusual hours. There is also the affidavit of the plaintiff's book-keeper, made also on the 14th of December, which is confirmatory of what is stated in the plaintiff King's affidavit, and states, in addition, that the book-keeper received the summons in this action to serve it upon the defendant, and that he made every effort to find him, by calling at places where he was formerly to be found, and making inquiries for him; and if possible to learn his place of residence, but was unable to find him, and both the plaintiff King and the book-keeper swear, after their respective statements, that the defendant keeps himself concealed within this State, with intent to avoid the service of a summons.

Some of the statements in both affidavits are liable to the objection that they are rather conclusions on the part of the witnesses than a statement of the facts upon which the conclusions are founded; and it may be that the evidence is very slight; but, in my opinion, neither the judge who vacated the attachment nor this court would be warranted in saying judicially that there was nothing in the affidavits having a legal tendency to show a concealment with the intent charged. It is said in the prevailing opinion, in *Schoonmaker* v. *Spencer* (54 N.Y. 369), before referred to, " that in order to defeat the jurisdiction of the justice, it must be

made to appear that there is a total want of evidence upon some essential point." The essential point, in this case, is a concealment, with intent to avoid the service of a summons; and, applying this test, it cannot, I think, be said, that there is a total want of evidence in the affidavits, upon this point. They show that the defendant was indebted to the plaintiffs in a large sum of money; that he was asked to pay it when the obligation was incurred and promised to do so; that for three weeks afterwards it was frequently demanded of him, but he neglected to pay it; that he then absented himself from the plaintiffs' place of business, where he was in the habit of going every day, to receive and write his letters, and transact his business, except upon one occasion, when he came to get his letters; that he could not be found thereafter at the Cotton Exchange and places of business in its vicinity, which he was accustomed to visit and frequent nearly every day, although both the plaintiff King and the plaintiffs' book-keeper searched and made inquiries for him at these places, to learn his whereabouts or residence, without being able to find him or to learn his residence. This, coupled with the fact that on the last occasion but one when he came to the plaintiffs' place of business, he refused, when requested, to give his address, or say where he resided, was, I think, evidence tending to show a concealment with the intent charged, and enough to call for an exercise of the judgment on the part of the judge who granted the attachment. It was enough, at least, to give him jurisdiction, and, instead of vacating the attachment for want of jurisdiction, the defendant should have been left to his motion to discharge it upon affidavits controverting the facts in the plaintiffs' affidavit, or explaining the circumstances, from which the judge who granted the attachment inferred that the defendant had been concealing himself with the intent charged.

I think, therefore, that the order vacating the attachment should be reversed.

Van Hoesen and Larremore, JJ., concurred.

Order reversed.