# SUPREME COURT.

HENRY WALLACH and another, respondent, agt. ISAAC SIPPILLI.

*Attachment — Sufficiency of affidavit for.*

Though there may be an abundant recapitulation of facts and circum-
. stances in an affidavit, asserted on information and belief, to show that
defendant had assigned and disposed of his property with intent to
defraud his creditors, yet to permit the issuing of an attachment, the
information must be authenticated by the person from whom it had been
obtained.

An affidavit showing that the person making it had called at the residence
of the defendant and endeavored to secure an interview with him, which
was refused under the asserted authority of the defendant, is not suf-
ficient for the allowance of an attachment on the ground that defendant
kept himself concealed to avoid the service of a summons.

*First Department, General Term, June,* 1883

APPEAL from an order denying a motion to vacate an
attachment.

*Blumensteil & Hirsch,* for appellants.

*Leopold Wallach,* for respondents.

DANIELS, *J.*—The attachment was allowed upon the ground
that the defendant kept himself concealed to avoid the service
of a summons, and had assigned and disposed of his property
with intent to defraud his creditors.

The latter of these charges was based upon an abundant
recapitulation of circumstances tending to show its existence.
But the difficulty in the case is that they were all asserted
upon information and belief, and that information was in no
manner authenticated by the persons from whom it had been
obtained. For that reason this portion of the application was
not sustained as the law requires it to be to permit the issuing
of an attachment (3 *Greenleaf on Ev.* [*8th ed.*], sec. 384;
*Steuben Co. Bank* agt. *Alberger,* 78 *N. Y.,* 252).

To sustain the other ground the affidavit merely shows that the person making it had called at the residence of the defendant and endeavored to secure an interview with him, which was refused by the attendant at the door under the asserted authority of the defendant, and that certainly failed to establish the alleged fact that he was concealing himself at his residence to avoid the service of the summons.

The affidavit was radically insufficient to support the application for the attachment, and the order should be reversed, with the usual costs and disbursements, and an order entered vacating the attachment.

DAVIS, P. J., and BRADY, J., concurs.