GEORGE W. HEAD, DWIGHT D. WINSTON, HARVEY E. DINGLEY AND PETER McEVOY, APPELLANTS, v. CONRAD WOLLNER, RESPONDENT.

*Attachment, because of defendant concealing himself with intent to avoid service of a summons — sufficiency of moving affidavits.*

On an application for an attachment, on the ground that the defendant has kept himself concealed with intent to avoid the service of a summons, it is not sufficient to show that the defendant could not be found at his place of business, although an attempt was made to find him there on several occasions.

The attempt at concealment with a view to avoid service must be established clearly and positively, not by affidavits based upon information and belief, unless the sources of such information and belief are clearly shown.

APPEAL from an order of the Onondaga Special Term entered in the office of the clerk of Oneida county February 5, 1889, setting aside an attachment issued on the alleged ground that the defendant kept himself concealed to avoid the service of a summons in the city of Utica.

A motion was made upon the affidavits and papers used to obtain the attachment. These affidavits were to the effect that the deponent went on several occasions to the place of business of the defendant and could not find him; that he telephoned to such place of business; that the voice which answered, the deponent thought to be that of the defendant, but when it was stated who had called another voice replied. A deponent in another affidavit alleged, on information and belief, that the defendant kept himself concealed to avoid the service of a summons upon him.

*William H. Bright,* for the appellants.

*H. F. & J. Coupe,* for the respondent.

HARDIN P. J.:

Plaintiff obtained an attachment January 24, 1889, upon the ground that defendant kept himself concealed to avoid the service of a summons.

Section 636 of the Code of Civil Procedure requires the party obtaining an attachment on such ground to show by affidavit to the

satisfaction of the judge granting the same that the defendant "keeps himself concealed" with intent to avoid the service of a summons.

The affidavit must make legal proof so as to *judicially* satisfy the officer who is called upon to issue an attachment. (*Mott* v. *Lawrence*, 17 How., 559.) Because the defendant was not found in his place of business, where the agent of plaintiff called on the twenty-second of January or on the twenty-third of January, did not establish concealment, nor intent to conceal, to avoid service of a summons. (*Towsley* v. *McDonald*, 22 Barb., 608; *Wallach* v. *Sippilli*, 65, How., 501; *Castellanos* v. *Jones*, 5 N. Y., 164.)

Ambiguous declarations or acts which are susceptible of an honest purpose, as well as of an intent to avoid service, do not authorize an attachment. The purpose to accomplish a concealment with intent to avoid service of the summons is the ground mentioned in the statute, and it must be made clearly and positively to appear by the facts; they must be clearly and positively shown, not by information and belief, unless the sources of such information and belief is clearly shown. (*Steuben County Bank* v. *Alberger*, 78 N. Y., 252; *Andrews* v. *Schwartz*, 55 How., 190.) If the defendant was out of his store collecting, or had gone down town on business, as was stated to the plaintiff's agent, then he was engaged legitimately, and such engagement did not indicate an intent to avoid service of summons. (*Sickles* v. *Sullivan*, 5 Hun, 569.)

In *Genin* v. *Tompkins* (12 Barb., 275) there was an actual concealment for nine hours, shown under circumstances warranting an inference therefrom that the defendant intended to avoid service of summons, and in that case no member of his family, "no person in his employment, knew where he was" while he was concealed at Kipp's tavern. Where the statements, as in this case, are intrinsically innocent, they do not establish the intent required by the statute. (*Evans* v. *Warner*, 21 Hun, 574.) The belief of the affiant that the defendant was concealed, with intent to avoid service of summons, is not sufficient; facts tending to prove it, were not sufficiently stated so that it might be judicially determined that such was the intent of the defendant. (*Stevens* v. *Middleton*, 26 Hun, 470.) Conjectures, surmises and suspicions are not sufficient. (*Herman* v. *Doughty*, 15 Week. Dig., 94.) In that case it was said, viz.: "The proofs should be of such a character as to fairly justify

no other construction and dishonest purposes on the part of the defendant." Appellants call attention to *Schoonmaker* v. *Spencer* (54 N. Y., 366); that was a case involving the validity of an attachment issued by a justice of the peace, and rested upon facts and circumstances tending to show the defendant had left the county and State with intent to defraud his creditors; and as the facts fairly called for a judicial conclusion that such was the intent of the defendant, the attachment was upheld. We see nothing in the case which sustains the sufficiency of the affidavits before us. Inasmuch as the motion was made upon plaintiffs' papers used to obtain the attachments, the plaintiffs were not at liberty to use further or other supporting affidavits. (*Steuben County Bank* v. *Alberger*, 75 N. Y., 185.) We must sustain the order of the Special Term.

Order affirmed, with ten dollars costs and disbursements.

MARTIN, J., concurred; MERWIN, J., not sitting.

So ordered. ————————