(11 Misc. Rep. 443.)

### BONDY et al. v. COLLIER et al.

(City Court of New York, General Term. February 11, 1895.)

ARREST IN CIVIL CASES—NEW UNDERTAKING.

　　It is not error for the trial court to allow a new undertaking to be filed where the original undertaking is insufficient, as the court has power, under Code Civ. Proc. § 730, to amend a defective undertaking.

Appeal from special term.

Action by Simon M. Bondy and others against Abraham Collier and others. From an order denying a motion to vacate an order of arrest, defendant Collier appeals. Affirmed.

Argued before EHRLICH, C. J., and FITZSIMONS and NEWBURGER, JJ.

Davis & Kaufman, for appellant.
Blumensteil & Hirsch, for respondents.

EHRLICH, C. J. The court below directed that the motion to vacate the order of arrest be granted unless the plaintiffs executed and filed a new undertaking as provided by the Code. The proper undertaking having been filed, and the court having power to allow the defects in the original undertaking to be amended (Code, § 730; Bellinger v. Gardner, 2 Abb. Pr. 441; Irwin v. Judd, 20 Hun, 562; Beach v. Southworth, 6 Barb. 173; Kissam v. Marshall, 10 Abb. Pr. 424; Marvin v. Marvin, 11 Abb. Pr. [N. S.] 97), the case on appeal stands practically as if the original undertaking had been perfect in the first instance. The affidavit on which the order to arrest was granted sets forth a good cause of action for goods sold to the defendants on the faith of representations which afterwards proved to be untrue. The affidavit sufficiently establishes the fraud, and the sources of knowledge and information clearly appear therein. It follows that the order appealed from must be affirmed, with costs. All concur.