(17 Misc. Rep. 270)

HALL v. ANDERSON.

(City Court of New York, General Term. June 30, 1896.)

1. ATTACHMENT—EVADING SERVICE OF PROCESS.
 Affidavits are sufficient to show that defendant evaded service of process where they state that affiants called many times at defendant's place of business, and was informed by his employés at one time that defendant's residence was not known to them, and at other times that he resided in several different places; that affiants inquired at each house specified, and ascertained that he did not reside at such places; that they then inquired at the house given by the city directory, and the servant answering the bell said that he had not resided there for the past six months; and that such constant and diligent efforts to find and serve defendant with summons continued for three months before the attachment was applied for.

2. SAME—AFFIDAVIT ON INFORMATION AND BELIEF.
 Such averments were not on the information, but were on affiants' knowledge as to the false and misleading statements of defendant's employés, and as to affiants' ineffectual efforts to find and serve defendant.

3. SAME—AGE OF DEFENDANT.
 The affidavits for an attachment and the warrant need not state that defendant was an adult.

Appeal from special term.

Action by William Hall against Gustav A. Anderson. From an order denying a motion to vacate an attachment, because of the insufficiency of the papers and affidavits on which it was granted, defendant appeals. Affirmed.

Argued before VAN WYCK, C. J., and CONLAN and O'DWYER, JJ.

Maurice Rapp, for appellant.
Baggott & Ryal, for respondent.

VAN WYCK, C. J. If any fact, however slight, can be gathered from the papers and affidavits upon which the attachment was granted, that tended to show the existence of the statutory conditions, the judge would have acquired jurisdiction, and the order appealed from should be affirmed. The averments of the affiants are: That, when they called many times at defendant's place of

business, his foreman, salesmen, and workmen informed them that defendant's residence was not known to them; again, that he resided in a certain street, between certain avenues, but the number was not known.  That after affiants had inquired at every house on that street within the limits given, and ascertained that he did not reside there, they were informed by these employés that he resided in another street, and, again, that he lived at an hotel in a still different street; but they ascertained that he did not so reside; and that they then inquired at the house given by the city directory; and that the servant answering the bell informed them that he had not resided there for past six months.  That they then returned to defendant's place of business, and were there informed that defendant still resided in that house; and, finally, that these constant and diligent efforts by affiants to find and serve defendant with a summons continued for about three months before the attachment was applied for or granted.  The conclusion is forced that these employés of defendant made these false statements, and gave the misleading information, with the willful intention of preventing the affiants from ascertaining his presence; and it is the logical inference that they so misled them at his request.  Whether at his request or not, still the fact remains that, if a merchant so conceals himself for three months that his foreman, salemen, and employés in his business are unable or unwilling to give any explanation of his continued absence from his place of business for so long a time, or as to his residence or whereabouts, to a creditor seeking to find him for the purpose of serving him with a summons, a good cause of attachment has been made out.

The appellant contends that these averments are upon information, and that the affidavits of these employés should have been presented, or good reason for failure to do so shown.  These averments are not upon information, but of affiants' knowledge as to these false and misleading statements by these employés, and as to affiants' continued and ineffectual efforts to find and serve him.  What other evidence of his concealment should be required?  Surely not proof of his very act of crawling under his bed or hiding in the coal bin of his cellar.

Appellant objects that the warrant and affidavits do not state that defendant is an adult; but such statement is not necessary, for the law presumes that he is an adult until the contrary is shown, and what is presumed need not be otherwise proved in the first instance.  Wentzler v. Ross, 59 How. Prac. 397, and Doctor v. Schnepp, 7 Civ. Proc. R. 151.  The warrant states that he concealed himself with intent to defraud his creditors, and to avoid service of summons.  This conjunctive statement of grounds of attachment is sufficient.  Cronin v. Crooks, 143 N. Y. 352, 38 N. E. 268, and Stone v. Pratt, 90 Hun, 39, 35 N. Y. Supp. 519.

The order is affirmed, with costs.  All concur.