FINN v. MEHRBACH (three cases).

(Municipal Court of City of New York, Borough of Manhattan, Seventh District. March, 1900.)

1. ATTACHMENT—UNDERTAKING—AMENDMENT.
   Code Civ. Proc. § 729, provides that an undertaking required by statute is sufficient if it conforms substantially to the form required by the statute, and does not prejudice the rights of the party in whose benefit it is given. Section 730 provides that, where such an undertaking is defective, the court may amend it, and it shall be valid from the time of its execution. Section 3347 provides that sections 729 and 730 shall apply to proceedings in any court. *Held* that, where an undertaking in attachment given in the municipal court is so defective that upon its face it would not confer jurisdiction, it may be amended by such court.

2. SAME—GROUNDS—SUMMONS—CONCEALMENT.
   Under Consol. Act, § 1317, which provides that an attachment may issue where defendant "has departed or is about to depart from the county * * * with intent to defraud his creditors, or to avoid the service of a

summons, or keeps himself concealed with like intent," an allegation in an affidavit for attachment, that a defendant "keeps herself concealed with the intent to avoid the service of the summons" is sufficient, without also alleging an intent to cheat and defraud creditors.

3. SAME—SUMMONS IN THE PARTICULAR ACTION.

Under Consol. Act, § 1317, providing that an attachment may issue where defendant keeps himself concealed "with intent to avoid the service of a summons," it is not necessary to the validity of an attachment that it be shown that the concealment was for the purpose of avoiding the summons in the particular action in which the attachment is issued, and hence the summons and the attachment may issue simultaneously.

4. SAME—SUMMONS ACCOMPANYING WARRANT.

Consol. Act, § 1317, provides that an attachment may issue where defendant keeps himself concealed with intent to avoid the service of a summons. Section 1318 directs that a summons shall accompany a warrant of attachment. Held that, where an attachment was issued on such ground, an objection that the summons was issued with the attachment, and that therefore it could not be truthfully said that defendant concealed himself with intent to avoid the service of such summons, was insufficient, as affecting the validity of the attachment, as section 1318 directs that the summons shall be so issued.

5. SAME—ALIAS SUMMONS—DILIGENCE.

Under Consol. Act, § 1317, providing that an attachment may issue where defendant conceals himself with intent to avoid the service of a summons, a showing that plaintiff had caused to be issued eight alias summonses, and that attempts to serve same had been made by five different individuals, and that defendant knew that attempts were being made to serve her, was sufficient to support an attachment procured on such ground of concealment, as against a motion to dissolve the same.

6. SAME—THIRD PERSONS—UNDERTAKING—SUBSTITUTED SERVICE—SUBSEQUENT PROCEEDINGS.

Consol. Act, § 1323, provides that a third person claiming attached property may take possession thereof upon giving an undertaking to hold the same, pending the determination of his title in an action on the undertaking. Held, that the effect thereof is to substitute the undertaking for the attached property, and, substituted service being had, the action may proceed to determination, though the title to the attached property has not been determined.

7. SAME—ACTION IN PERSONAM—JUDGMENT.

Consol. Act, § 1321, provides that substituted service may be made in municipal courts in attachment cases. Section 1329 provides that, when such service is made, the justice shall proceed to the determination of the action, and that judgment rendered therein shall be prima facie evidence on the part of defendant in any subsequent action brought thereon. Held that, when such substituted service is had in attachment cases, the action is one in personam, and not in rem, the judgment merges the cause of action, and the defendant is properly before the court for a hearing and determination of the action.

Three actions on account by Morris Finn against Jeanette Mehrbach. Motions by defendant to vacate attachments. Denied.

Leon Lewin, for plaintiff.

Purdy & Bishop (Adolphus D. Pape, of counsel), for defendant.

JOSEPH, J. The questions which are presented for determination in these three actions arise under the following facts and circumstances: On January 20, 1900, a summons was issued out of this court in each of the actions, and accompanying the same was a warrant of attachment issued by the clerk of the court, pursuant to the allowance thereof by the justice, as required by the statute. The

ground upon which the attachment was issued, as stated herein, was "that the defendant, Jeanette Mehrbach, keeps herself concealed with the intent to avoid the service of the summons." The warrants were issued upon the facts set forth in sworn complaints, the statements of which will be referred to hereafter. At the time of applying for the warrants the plaintiff presented to the justice undertakings in each action, in the sum of $250 each, conditioned "that if the defendant recover judgment herein, or if the warrant of attachment is vacated, the plaintiff above named will pay all costs which may be awarded to the said defendant, and all damages which the said defendant may sustain by reason of the attachment, not exceeding the sum of $250." The undertakings were approved of by the justice. In due time a return was made by the marshal to whom the warrants of attachment were issued that he had attached and taken into his possession 18 oil paintings, of unknown value to him, and also cash in bank amounting to $26.05; also, a return of the service of the summons upon Isidore Mehrbach, a person of suitable age, at the residence of the defendant,—being unable to serve the defendant personally. On the return day of the summons an attorney appeared in this court on behalf of Isidore Mehrbach, and presented to the justice an undertaking reciting the seizure of the property under the attachment, and that Isidore Mehrbach claimed the chattels so attached, excepting the cash in bank, and conditioned "that if, in an action upon the bond, to be commenced within three months hereafter, the claimant will establish that he was the general owner of the property so claimed by him at the time of said seizure, or, if he fails so to do, that they will pay to the plaintiff the value thereof, with interest," etc. Affidavits on behalf of defendant were also presented, denying that she was keeping herself concealed with intent to avoid the service of the summons in this or any other action. The appearance on behalf of defendant was solely for the purpose of moving to vacate the attachment. The right to have the attachment vacated was based upon the following grounds: (1) That, as the attachment was granted at the time of the issuance of the summons, it could not be truthfully stated that the defendant was keeping herself concealed for the purpose of avoiding the service thereof; (2) that as the defendant has not been personally served with the summons in the action, and there is a third-party claim to the property, the title thereto must be first determined, before the case can proceed, in order that the court acquire jurisdiction; (3) that the grounds upon which the attachment was issued were therefore insufficient in law; (4) that the undertaking was not, in its provisions, in compliance with the statutes, and hence it failed to give jurisdiction to the justice to authorize the issuance of the warrants.

An examination of the statutes at once discloses that the undertaking does not comply with its provisions, but plaintiff has moved to amend the undertaking so as to make it comply with the requirements of the law, and has offered an amended undertaking, correct in form, with the request of the sureties that it be so amended. The defendant insists the justice has no power to allow the amendment, and this raises the interesting question as to the powers of

the justices of the municipal courts to permit an amendment of undertakings given on provisional remedies. The complaint sets forth all the jurisdictional facts, and a complete cause of action to recover a sum of money only on contract. It will be well to consider the last question first,—that is, the power of municipal courts to permit amendments of undertakings on attachment; for, unless an amendment to the undertakings in these actions is had, the attachments cannot be sustained, for I take it as an indisputable proposition that the defendant is entitled to an undertaking in conformity with the provisions of the statutes.

Section 3347, subd. 6, of the Code of Civil Procedure provides that sections 729 and 730 of the Code apply "to proceedings taken in any court, or before any officer or body."

Section 729 of the Code reads as follows:

"A bond or undertaking required by statute to be given by a person to entitle him to a right or privilege, or to take a proceeding, is sufficient if it conforms substantially to the form therefor prescribed by the statute, and does not vary therefrom to the prejudice of the rights of the party to whom or for whose benefit it is given."

Section 730 reads:

"Where such bond or undertaking is defective, the court officer or body that would be authorized to receive it or to entertain a proceeding in consequence thereof, if it was perfect, may, on the application of the persons who executed it, amend it accordingly, and it shall thereupon be valid from the time of its execution."

These sections of the Code were passed in 1876, re-enacted 2 Rev. St. p. 556, §§ 33, 34, adding the words "or undertaking." These provisions have been held to authorize amendments to undertakings on attachment. Kissam v. Marshall, 10 Abb. Prac. 424; Bondy v. Collier, 11 Misc. Rep. 443, 32 N. Y. Supp. 221. The office of an undertaking is not to confer jurisdiction, but to secure to the defendant security in case the person suing out the writ does so without right. Simmons Hardware Co. v. Alturas Commercial Co. (Idaho) 39 Pac. 550. That sections 729 and 730 apply to undertakings given to procure provisional remedies is settled by Dale v. Gilbert, 128 N. Y. 625, 28 N. E. 512, wherein the court of appeals reversed the decisions of the special and general terms of the supreme court, denying a motion to amend an undertaking given in replevin, on the ground of want of power. Peckham, J., in that case, speaking for the court, says:

"We think the court has the power to permit such amendment, the same as it has power to permit a correction of any other alleged error which the party states that he has inadvertently made. Whether it should be allowed or not depends upon the question whether the party in whose favor the error may have been made can be placed in the same position, substantially, which he occupied previous to its commission. * * * When an application to substitute an undertaking, or, in other words, to amend, is made, it should be presented to the court; and it will be for the court to say whether, in view of all the facts, it should be granted."

I conclude, therefore, that the justices of the municipal courts have full power to permit amendments to defective undertakings under the sections above cited. The cases cited by the counsel for the defendant in his able brief have no application to the case at bar, as

they were all decided before the amendment to the Revised Statutes which permitted of amendments to undertakings by including them in the sections of the Code above cited. I am also of the opinion that the proper exercise of my discretion requires me to permit the amendment in this action. By the amendment, defendant secures the full indemnity she was entitled to in case the plaintiff is not entitled to his attachment, and she has lost and loses no rights for permitting the amendment undertaking to be filed. Indeed, she is put in a better position, for no question can arise as to her right to sue the surety if she should ultimately succeed in the action. Mittnacht v. Kellermann, 105 N. Y. 467, 12 N. E. 28.

The next question for consideration is whether the ground upon which the attachments were procured permits of an attachment, to wit, that defendant keeps herself concealed with intent to avoid the service of the summons. Counsel for defendant contends that, as the attachment was issued to accompany the summons, there could be no concealment with intent to avoid its service; and he further contends that it is insufficient to sustain an attachment to show that a person conceals himself to avoid the service of a summons, without going further and alleging the additional intent to cheat and defraud creditors. The grounds upon which an attachment may issue out of municipal courts are regulated by section 1317 of the consolidation act, the provisions of which, so far as is here material, are:

"If the defendant is a natural person and a resident of the state, that he has departed or is about to depart from the county where he last resided, with intent to defraud his creditors, or to avoid the service of a summons, or keeps himself concealed with like intent."

It is perfectly plain from the reading of this provision that an attachment may issue where the defendant has departed or is about to depart from the county where he last resided, with intent to defraud his creditors, or where he has departed or is about to depart from the county where he last resided, with intent to avoid the service of a summons, and also in case he conceals himself within the county with intent to defraud his creditors, or conceals himself in the county with intent to avoid the service of a summons. I see no force in the suggestion that it must be alleged that the intent to avoid the service of the summons is with the intent to defraud the creditors. The removal or concealment with intent to defraud creditors is a ground for the attachment alone. It is not necessary that the attempt to avoid the service of a summons should be coupled with the intent to defraud creditors, in order to justify an attachment. What reason is there, therefore, to hold that this intent to defraud creditors, which of itself is ground for an attachment, should be required to be added to the other ground, to wit, the intent to avoid the service of a summons. In fact, the necessary result of an intent to avoid the service of a summons by removal or concealment is to delay and defeat creditors in the enforcement of their claims, which is a fraud upon them. In Easton v. Malavazi, 7 Daly, 147, an attachment issued on the ground that defendant kept himself concealed in the city with the intent to avoid the service of the summons was upheld. See, also, Hall v. Anderson, 17 Misc. Rep. 270, 40

N. Y. Supp. 354; Head v. Wollner, 53 Hun, 615, 6 N. Y. Supp. 916. I therefore hold that a removal or concealment with intent to avoid the service of a summons is a ground for an attachment. Nor do I think it is necessary that it must be shown that the concealment must be for the purpose of avoiding service of "the" summons in the action in which the attachment is obtained. The language of the statute is that the attachment may issue where it is shown that the defendant has removed from the country or has concealed himself within the county, with the intent to avoid the service of "a" summons; that is, any summons. If it is made to appear that defendant has removed or is concealing himself with the intent to avoid the service of a summons, that is all the law requires. It does not require that an attempt to serve the summons shall be made if the defendant has removed from the county with the intent to avoid service. It would be useless to attempt to serve it, and, even if he keeps himself concealed within the county with like intent, it would almost be a work of supererogation to attempt to serve it in the first instance, for the reason that, if the attempt to serve were successful, it would almost negative the claim that the defendant concealed himself. Moreover, the legislature provided that an attachment must accompany the summons. Section 1318 of the consolidation act. Therefore it is impossible that an effort to serve the summons must first be made. In providing that an attachment may issue upon the ground that a person has concealed himself with intent to avoid the service of a summons, and that an attachment must accompany the summons, the legislature has precluded me from construing these provisions as defendant's counsel would have me. Such construction would nullify the statutes, and it is the duty of the courts to construe statutes, if possible, so as to harmonize and make effective all their parts. This can only be done by construing these statutes in the way I have above indicated. As a matter of fact, it appears by the affidavits upon which these attachments were issued that the plaintiff endeavored to serve defendant with summonses in three prior actions brought by him to recover an indebtedness sued for by him, and that from the 13th day of September, 1899, to just before the commencement of these actions he has been endeavoring to serve defendant with the summons. No less than eight aliases were obtained in each of these actions, and efforts were made to serve defendant by five different individuals. I am perfectly satisfied that an honest and diligent effort to serve defendant with summons has been made, and that defendant knew it was desired to serve her, and that she refused to allow herself to be served. I therefore deem the attachments to have been properly issued, and for sufficient cause.

The next question to be considered is, what is the effect upon the proceedings on the third-party claim to some of the property attached? Does it stay the proceedings until the determination of the title to the property attached? The property attached is attached as the property of the defendant. If it is not the property of the defendant, the person whose property it is has a right of action against the marshal attaching it, and possibly against the person at whose

instance it was attached. The claimant is not seeking this remedy, but is seeking to possess himself of the property by virtue of the provisions of section 1323 of the consolidation act. To that end, he has offered an undertaking. The sufficiency of the same is not now under consideration,—only its effect. Assuming it to be sufficient, it simply accords to him the right to the possession of the property pending the determination of his title thereto in an action to be brought on the undertaking. This is the extent of his right and privilege. The question of title is not to be determined in this action, nor is there any provision to be found within the statutes staying the further proceedings in the action in which the attachment is issued until the determination of the question of title. The effect of the provisions of section 1323 is to substitute the undertaking in the place of the property attached, and the action continues the same as if the property were retained by the marshal. The idea that because defendant has been brought into court by substituted service of the summons, and not by personal service, makes the action an action in rem, and not in personam, is, in my opinion, erroneous. The action is in no sense an action in rem. An attachment is not an original process, but is a mere proceeding in an action. Its office is not to give the court jurisdiction, but to obtain possession of and hold the debtor's property until the recovery of judgment. Stone v. Pratt, 90 Hun, 39, 35 N. Y. Supp. 519. The defendant is a resident of this state, and the courts of this state may acquire jurisdiction over her person by the service of its process in any manner authorized by the statutes of this state. It does not necessarily have to be by actual personal service. It may be by substituted service. 22 Am. & Eng. Enc. Law (1st Ed.) p. 148. The legislature has, by section 1321 of the consolidation act, provided for substituted service on defendant in actions in the municipal courts, wherein an attachment has been levied on property, and defendant has not appeared, and the summons has not been served upon him personally. Where substituted service is made, the justice shall proceed to hear and determine the action, and judgment rendered in the action is prima facie evidence on the part of the defendant in any subsequent action brought against her upon the judgment. The judgment therefore merges the cause of action. Section 1329 of the consolidation act.

I therefore conclude that the defendant is properly before the court, and that, unless the defendant answers to the complaint, I will proceed to hear and determine the action.