MAX DANZIGER, Respondent, *v.* JOHN BOYD et al., Appellants.

The provision of the Revised Statutes (1 R. S. 739, § 147) declaring that every grant of lands shall be absolutely void if at the time of the delivery thereof such lands shall be in the actual possession of a person claiming under a title adverse to that of the grantor, does not invalidate in whole or in part a grant where the grantor is possessed and delivers possession of the greater part of the land conveyed, but. by reason of a disputed boundary line, a small part of it is not in his actual possession at the delivery of his grant.

In such a case an action to recover the portion of land in dispute may be maintained by the grantee in his own name; the provision of the Code of Civil Procedure (§ 1501) requiring that in case of a grant condemned by the foregoing provision, the action shall be brought in the name of the grantor, does not apply.

A plaintiff who recovers in ejectment is entitled to damages for the withholding of the land up to the date of its recovery; he is not limited to the recovery of damages up to the date of bringing his action.

*Mem.* of decision below, 23 J. & S. 537.

(Argued March 11, 1890; decided April 15, 1890.)

APPEAL from judgment of the General Term of the Superior Court of the City of New York entered upon an order made December 14, 1887, which affirmed a judgment in favor of plaintiff entered upon a verdict.

This was an action of ejectment.

The question in dispute was the location of the boundary line between the lots owned by the parties, respectively. They both claimed under deeds executed pursuant to a partition sale. At the time of the sale there were buildings on the front and also on the rear of the lots, divided by party-walls. The descriptions in the two deeds referred to a party-wall, and the question was as to which of the two dividing walls was referred to. The court, after a careful examination of the testimony and the descriptions, reach the conclusion that plaintiff's contention was correct.

The opinion then proceeds as follows:

" The defendants insist that they being in possession of and claiming to own the land in controversy when the plaintiff received his deed, he acquired no title, and invoke, in support of their contention, this section of the Revised Statutes :

" ' § 147. Every grant of lands shall be absolutely void, if, at the time of the delivery thereof, such lands shall be in the actual possession of a person claiming under a title adverse to that of the grantor.' (1 R. S. 730.)

" This statute does not invalidate, in whole or in part, a grant when the grantor is possessed and delivers possession of the greater part of the land conveyed, but by reason of a disputed boundary line, a small part of it is not in his actual possession at the delivery of his grant. (*Crary* v. *Goodman*, 22 N. Y. 170; *Hallas* v. *Bell*, 53 Barb. 247; *Allen* v. *Welch*, 18 Hun, 226; *Sparhawk* v. *Bagg*, 16 Gray, 583 ; 1 Devlin on Deeds, § 113.)

" The land in dispute never, before this action was begun, had been 'the subject of controversy by suit in any court,' and the plaintiff's grantor having the actual title, he did not sell, nor did the plaintiff buy a pretended title, and so the grant is not condemned by sections 129 and 130 of the Penal Code, nor by the sections of the Revised Statutes from which those sections were derived.   (2 R. S. 691, §§ 5, 6.)

" Formerly, at common law, the assignee of a cause of action could not maintain an action on it in his own name, but was compelled to sue in the name of his assignor, which rule has been preserved (Code Civ. Pro. § 501) in the single instance of a grant condemned by the statute above quoted.   To extend

this statute so as to embrace a grant of land, the greater part of which was in the possession of the grantor at the delivery of the grant, and establish, as a rule, that grantees must, under such circumstances, recover part of the land by an action in the name of his grantor (*Chamberlain* v. *Taylor*, 92 N. Y. 348), and the remainder by a suit in his own name, would perpetuate a common law rule which has no existence in the law of this state except as it is contained in our statute. (*Sedgwick* v. *Stanton*, 14 N. Y. 289.)

" The court correctly instructed the jury that plaintiff was entitled to recover the value of the use and occupation of the land in dispute by way of damages for wrongfully withholding it from the date of the plaintiff's deed (February 11, 1884) to the date of the trial (May 12, 1887) — thirty-nine months.

" A plaintiff who recovers in ejectment is entitled to damages for the withholding of the land up to the date of its recovery, and is not limited to the recovery of damages up to the date of bringing his action. The jury returned a verdict for $975 in favor of the plaintiff, which was at the rate of $25 per month, about half of the value, as testified to by the plaintiff's witnesses. The defendants gave no evidence of the value of the use and occupation of the land.

" The judgment should be affirmed, with costs."

*Henry P. Townsend* for appellants.

*Lewis Sanders* for respondent.

FOLLETT, Ch. J., reads for affirmance.
All concur.
Judgment affirmed.