## ZAHM v. DOPP.

*(Superior Court of Buffalo, General Term.   July 8, 1892.)*

1. EJECTMENT—EVIDENCE OF TITLE—COMMON GRANTOR.
   By recorded deed, May 18, 1863, H. B. and wife conveyed land in dispute to defendant, from whom, by mesne conveyances, defendant's husband became owner. He devised to defendant a life interest.   By recorded deed, July 8, 1853, J. S. and wife conveyed to W. A. C., from whom, by mesne conveyances, title vested June, 1869, in H. B., who took possession and occupied it, but conveyed to plaintiff before suit.   *Held*, in an action of ejectment, that, as both parties derived title from a common grantor, plaintiff was not compelled to trace his record title to the state, and a verdict in his favor was authorized.

2. SAME—POSSESSION UNDER ADVERSE CLAIM.
   The jury was authorized to find that H. B. had actual possession of the land when he conveyed, and his grant was not repugnant to 4 Rev. St. (6th Ed.) p. 2453, § 147, providing that "any grant of land shall be absolutely void if at the time of the delivery thereof such lands shall be in the actual possession of any person claiming under title adverse to that of the grantors."

Appeal from trial term.

Ejectment by John F. Zahm against Emilie F. Dopp.   From a judgment entered on a verdict in favor of plaintiff, defendant appeals.   Affirmed.

Argued before HATCH and WHITE, JJ.

*Frank F. Williams*, for appellant.   *George Clinton*, (*John G. Cloak*, of counsel,) for respondent.

HATCH, J.   The undisputed facts in this case are these:   By warranty deed bearing date May 18, 1863, and recorded May 20th the same year, Henry

Baethig and Adelaide, his wife, conveyed to defendant 97 feet front on the southeast side of Thirteenth street, commencing 200 feet north of York street, as a 6-rod street. By mesne conveyances thereafter made H. William Dopp, husband of the defendant, became the owner, and upon his death he devised to defendant a life interest in the property, with remainder to his children. By warranty deed bearing date July 8, 1853, recorded September 11th same year, James Smith and wife conveyed to William A. Chard 42 feet of land, commencing 297 feet northwest from York street, as a 6-rod street. By mesne conveyance, and in June, 1869, title to this property became vested in Henry Baethig, who entered into possession and occupied the same; and the same was thereafter by mesne conveyance vested in the plaintiff, before the commencement of this action. Upon these facts defendant insists that plaintiff proved no title to the land, the point being that, if he relied upon record title, it became essential for him to show title in the state, and connect it with plaintiff, or, failing in this, prove possession in his grantor, and that, as the evidence established neither, the motion for nonsuit should have been granted. The contention between the parties has become narrowed to this: The defendant's position as stated, and plaintiff's claim that, as both parties derive title from a common grantor, (Baethig,) he was not required to go back of such title. That the latter claim is the rule is not seriously controverted, and would be ineffectual if it were; but it is insisted that the facts do not establish such condition. An examination shows that the land conveyed by the two deeds embraces all the land now claimed to be owned by both parties, including the strip in dispute, and title to such land, so far as the present parties are concerned, is derived from the common grantor, Henry Baethig. I am therefore unable to see why the plaintiff has not traced the source of title to a grantor common to both, and thus brought himself within the rule. It is quite true that defendant is not estopped from showing that she obtained title to the land, and that as against Baethig, or any other person claiming under him, and that she has obtained such title either by her deed, by adverse possession, or by practical location of the line. So plaintiff is not estopped from showing that she has not obtained title from any of these sources, but that he has. This is what the parties did in this case,—they litigated which had the better title to the strip. As to that, the jury found for the plaintiff, and such finding is conclusive. Tracing title to the common grantor becomes sufficient to sustain this verdict, for the reason that it exhibits a better title in plaintiff to the disputed portion than the defendant had. I am also of the opinion that plaintiff's evidence authorized the jury to find that his grantor, Baethig, had actual possession of the premises, as the location of the fence was one of the questions litigated, and plaintiff's proof tended to show that it had been moved further onto his land than when first erected. There is nothing in this grant repugnant to the provisions of the Revised Statutes; 4 Rev. St. (6th Ed.) p. 2453, § 147, providing that "any grant of land shall be absolutely void if at the time of the delivery thereof such lands shall be in the actual possession of any person claiming under title adverse to that of the grantors." Where the grant conveys the whole estate owned by the grantor, and possession is taken thereunder, the fact that a boundary line is in dispute does not constitute an adverse holding within the statute. *Danziger* v. *Boyd,* 120 N. Y. 628, 24 N. E. Rep. 482. To make the statute available there must not only be an adverse possession, but it must be under claim of specific title. *Crary* v. *Goodman,* 22 N. Y. 170; *Allen* v. *Welch,* 18 Hun, 226. The objections raised to the deeds admitted in evidence, if valid, do not affect the disposition of the case. They relate to deeds between parties prior to those vesting title in Baethig; and, as we have seen, showing title in him as the common grantor is sufficient to support the judgment. If error was committed it becomes immaterial.

The judgment is affirmed, with costs.