PETER PEIFFER, Respondent, *v.* JOHN E. WHEELER and Another, Defendants; HENRY DELAFON and Another, Appellants.

*Warrant of attachment — amendment of, by reducing the amount.*

The court has power to amend a warrant of attachment by reducing its amount, on the motion of the person obtaining it, where such person has, in good faith, made a mistake in the amount of the indebtedness, to secure which the attachment was issued.

In order, however, to justify the court in making such amendment, the utmost good faith upon the part of the moving party should be shown, and where he claims that he forgot that the whole amount for which the attachment was issued was not due for work and labor performed, when more than half of it was upon a note transaction, the explanation is not sufficient.

The court will not aid a party who recklessly resorts to its process for the purpose of securing his debt.

APPEAL by Henry Delafon and another, attaching creditors, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of September, 1893, denying the motion made on behalf of said appellants to vacate the plaintiff's warrant of attachment, and allowing the plaintiff to amend his warrant of attachment.

*John Frankenheimer*, for the appellants.

*J. B. A. Mullaly*, for the respondent.

VAN BRUNT, P. J.:

On the 4th of August, 1893, the respondent obtained an attachment against the property of the defendants Wheeler & Fish for the sum of $2,868.92, on the ground that the defendants were residents of Newark, N. J., setting up in his affidavit a cause of action for work, labor and services performed at agreed prices, aggregating the sum of $2,868.42. The appellants subsequently procured an attachment against the property of the defendants, and the same was levied upon the same property upon which the attachment of the respondent had been levied; and this motion was thereupon made to vacate the plaintiff's attachment. Upon the hearing of the motion it appeared that but a small portion of the amount for which

the attachment was issued was for work and labor, and it was claimed upon the part of the plaintiff that he made a mistake in describing a portion of his indebtedness, which was upon notes lent. It further appeared that another portion was represented by a note which had not yet become due, and a motion was made upon the part of the respondent for leave to amend the attachment by reducing it to the amount which was due. This motion was granted, and the motion to vacate denied. And from the order thereupon entered this appeal is taken.

One of the questions presented upon this appeal is that the court has no power to amend a warrant of attachment by reducing its amount. But upon a careful examination of the argument presented upon the part of the appellant we cannot see that there is any reason to doubt the power of the court in a proper case to make such an amendment. It cannot be that where a party has innocently and in good faith made an averment in regard to the amount of the indebtedness of the defendant in the attachment to him, he must lose his whole lien because he has inadvertently made an error. No such arbitrary and rigid rule has yet obtained, and in view of the liberal provisions of the Code in regard to amendments we do not think it will. The only case which has been found to support any such view is that of *Buhl* v. *Ball* (41 Hun, 61) where the court held that upon a motion to vacate an attachment upon the papers upon which it was granted, no affidavit could be received to fortify the allegations contained in the original papers. This arose from the rule of the Code that where such a motion is made upon the papers upon which the warrant was issued no additional affidavits can be read in support thereof.

Neither do we think that *Kibbe* v. *Wetmore* (31 Hun, 424) is an authority for the proposition that an amendment can be allowed where an objection is taken to the proof of the facts justifying such amendment upon the hearing of the motion to discharge the attachment. In that case the facts justifying the amendment were presented to the court without objection, and the court conformed the process to the proofs.

In order, however, to justify the court in making such an amendment, the utmost good faith upon the part of the plaintiff should be

First Department, February Term, 1894.          [Vol. 76.

shown ; and in this regard we think the plaintiff entirely failed. A perusal of the papers upon which this order was made leads to the conclusion that the plaintiff intended to grab everything in sight in order that he might secure the money due and to become due from the defendants to him. His excuse in regard to the note which was not due seems to be entirely untenable. And his claim that he forgot that the whole amount for which the attachment was issued was not due for work and labor performed, but that more than half of it was upon note transactions, seems to make too severe a call upon credulity to entitle it to belief. The transactions of this plaintiff are not shown to be so large that he would be likely to forget a little thing of this description. Out of $2,800 for which the attachment was issued, only $1,100 appears to have been due for the cause of action set out in the complaint. Now, it is clear that in case he had declared in a complaint for the cause set out in this affidavit, he could only have recovered the $1,100. Besides this $1,100 he includes some $1,400 on note transactions and some $400 more for which he held a note which was not due. This could not have been an innocent mistake. The fact that this was an unusual transaction, viz., of borrowing notes instead of being, as plaintiff alleges, a reason for his forgetting it, was a reason for his remembering it.

We can come to but one conclusion, and that is that the plaintiff was willing to swear to his whole indebtedness, due or not due, and whether arising out of the facts stated in his affidavit or not, in his great haste to get his security.

Under these circumstances we do not think that the court should aid a party in recklessly resorting to the process of the court for the purpose of securing his debt. The motion to vacate should have been granted, and the motion to amend denied.

The order appealed from should be reversed, with ten dollars costs and disbursements ; the motion to vacate granted, with ten dollars costs, and the motion to amend denied, with ten dollars costs.

Parker and O'Brien, JJ., concurred.

Order reversed, with ten dollars costs and disbursements ; motion to vacate attachment granted, with ten dollars costs, and motion to amend attachment denied, with ten dollars costs.