AUGUSTA JONES and Others, Respondents, *v.* EZEKIEL B. HOYT, Appellant.

*Champerty — the holding must be under a specific adverse title.*

There must be a specific adverse title to land before there can be an adverse holding which will invalidate a conveyance under the Statute of Champerty, under the provision thereof that every grant of lands shall be absolutely void if at the time of the delivery thereof such lands shall be in the actual possession of a person claiming under a title adverse to that of the grantor.

APPEAL by the defendant, Ezekiel B. Hoyt, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Onondaga on the 21st day of February, 1894, upon the verdict of a jury rendered after a trial at the Onondaga Circuit, with notice of an intention to bring up for review upon such appeal an order entered in said clerk's office on the 13th day of April, 1894, denying the defendant's motion for a new trial made upon the minutes.

*George Barrow*, for the appellant.

*Hunt & Everson*, for the respondents.

MARTIN, J.:

This action was ejectment. It was brought to recover a strip of land in the possession of the defendant, which was about eight and one-half feet in width, lying immediately north of the premises occupied by the plaintiffs. Both the plaintiffs' and the defendant's lots were on the east side of West street, in the city of Syracuse. They were a part of what was known on the trial as block 69, which was divided into five lots, numbered from 1 to 5, inclusive. The defendant was the owner of lot 3, while the plaintiffs claim to own the northern portion of lot 4. One of the questions which arose upon the trial was the true location of the line between lots 3 and 4.

The plaintiffs claim that they were the owners, and entitled to the possession of thirty-five feet of the northern portion of lot 4, and that it included the land in question. The defendant denied that the plaintiffs owned or were entitled to the possession of any portion of the strip in question. He also claimed that he had acquired title to it by adverse possession, and that the line between the parties had been established by practical location.

On the trial the court submitted to the jury three questions : (1) Whether the plaintiffs had the record title to the strip of land in question ; if so (2) whether the defendant had acquired title to it by adverse possession, and (3) whether there had been a practical location of the line between these lots, so as to leave the strip in question as a part of the defendant's premises. Upon all these questions the jury found in favor of the plaintiffs. A careful and

somewhat critical examination of the evidence has led us to the conclusion that it was sufficient to justify the court in submitting those questions to the jury and to uphold its verdict.

The appellant, however, now contends that the deed to the plaintiffs' grantor or predecessor in title was void under the provisions of section 147 of article 4 of title 2 of chapter 1 of part II of the Revised Statutes, which declares that "Every grant of lands shall be absolutely void if, at the time of the delivery thereof, such lands shall be in the actual possession of a person claiming under a title adverse to that of the grantor." It is manifest, we think, that this statute has no application to this case. Here the question, so far as it is claimed that that statute has any bearing, was one merely of the location of the proper line between lots 3 and 4. It does not appear that either the defendant or any of his grantors ever had or claimed to have any title to lot 4 or any portion of it. There must be a specific adverse title before there can be any adverse holding under this statute. To constitute a violation of this statute a possession under some specific title, which in itself is adverse to the title of the plaintiff, must have been shown. (*Crary* v. *Goodman*, 22 N. Y. 170; *Sands* v. *Hughes*, 53 id. 296; *Christie* v. *Gage*, 71 id. 192; *Higinbotham* v. *Stoddard*, 72 id. 94, 100; *In Matter of Department of Parks*, 73 id. 560, 567; *Pope* v. *Hanmer*, 74 id. 240, 245; *Dawley* v. *Brown*, 79 id. 390; *Danziger* v. *Boyd*, 120 id. 628; *American B. N. Co.* v. *N. Y. E. R. R. Co.*, 129 id. 253, 263.)

The doctrine of these cases fully sustains the proposition stated. It follows, therefore, that as in this case neither the defendant nor his grantors claimed under any specific title which was in itself adverse to the title of the plaintiffs, the defendant's contention cannot be sustained.

We are of the opinion that the questions in this case were properly submitted to the jury; that there were no exceptions which would justify an interference with the verdict, and that the judgment should be affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment and order affirmed, with costs.