MARION E. STONE, Appellant, *v.* ALVAH D. PRATT, Respondent.

90h 39
59ad129

*Attachment — not an original process — its office — power of the court under Code Civ. Proc. § 723, to amend the warrant.*

An attachment, under the Code of Civil Procedure, is not an original process by which an action is commenced, but is a mere proceeding in the action. Its office is not to give the court jurisdiction, but to obtain possession of and hold the debtor's property until the recovery of judgment, thereby preventing him from fraudulently disposing of it.

The word "must," as used in the Code of Civil Procedure (§ 641), where it is stated that a warrant of attachment must briefly recite the grounds for the

attachment, is not to be construed as mandatory nor as preventing the amendment, in a proper case, of an attachment where there has been an inadvertent error in the statement of its grounds.

The grounds for an attachment, as recited therein, were "that said defendant has assigned, disposed of or secreted, or is about to assign, dispose of or secrete, his property, with intent to defraud his creditors;" the affidavits upon which the attachment was issued made a meritorious case.

Upon appeal from an order denying the motion of the plaintiff to amend the warrant upon the ground that the court did not possess the power to do so, and from an order vacating such attachment,

*Held,* that the court had power, under the Code of Civil Procedure (§ 723), to amend the attachment by substituting the word "and" for the word "or," so that the attachment would read that said defendant "has assigned, disposed of or secreted and is about to assign," etc.

APPEAL by the plaintiff, Marion E. Stone, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 22d day of August, 1895, denying the plaintiff's motion to amend a warrant of attachment heretofore granted in this action, and also from an order made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 22d day of August, 1895, vacating such attachment.

*Thomas Raines,* for the appellant.

*Clarence E. Shuster,* for the respondent.

LEWIS, J. :

A warrant of attachment was granted in this action on the 18th day of July, 1895. The grounds for the attachment were recited therein to be, " that said defendant has assigned, disposed of, or secreted, or is about to assign, dispose of or secrete, his property with intent to defraud his creditors."

The attachment was executed, and the defendant moved to vacate and set it aside upon the ground, first, of the insufficiency of the affidavits upon which the warrant was granted, and for the further reason that there was a failure to recite therein any ground for the attachment. The defendant's motion was based upon the original papers on which the attachment was granted.

Plaintiff thereupon obtained an order for the defendant to show cause why the attachment should not be amended by substitut-

ing the word " and " for " or " in the clause in the attachment in which the grounds were recited, so that it would read, that said defendant " has assigned, disposed of or secreted, and is about to assign," etc.

The motions, by consent of the parties, were heard together.

The Special Term justice held that the papers upon which the attachment was issued were sufficient to warrant its issue, but that the grounds upon which it was granted were not properly stated in the warrant, and denied the plaintiff's motion to amend, for the reason that he concluded that he did not possess the power to grant the motion.

Defendant's motion to vacate the attachment was granted.

It was quite satisfactorily shown by the affidavits upon which the attachment was issued that the defendant had been fraudulently disposing of a portion of his property with the intent to defraud his creditors, and that he was about to assign, dispose of or secrete the balance of it with a like intent. The papers made a very meritorious case for the attachment, but in preparing the warrant, by inadvertence, plaintiff's attorney used the word " or." instead of " and."

It is provided by section 641 of the Code of Civil Procedure that a warrant of attachment must be subscribed by the judge and the plaintiff's attorney, and must briefly recite the ground for the attachment.

The only question we are required to consider is whether the provision requiring the statement of the ground of the attachment is so far mandatory that the court was powerless to correct the inadvertent error. It was not a case of a failure to state the ground for the reason that none in fact existed, for, as stated, the two reasons which the draughtsman intended to state, in fact, existed.

The attachment under our Code is not an original process by which an action is commenced; it is a mere proceeding in an action. This action was commenced by the service of the summons and complaint. The office of the attachment was to obtain possession of and hold the debtor's property until the recovery of the judgment, and thereby prevent him from fraudulently disposing of it. The office of the attachment was not to give the court jurisdiction of the action.

The word "must" in statutes has been frequently construed not to be mandatory.   It was so held in *Brinkley* v. *Brinkley* (56 N. Y. 192); *Jenkins* v. *Putnam* (106 id. 275); *Spears* v. *Mayor, etc.* (72 id. 442); *The People ex rel. Cavanagh* v. *McAdam* (28 Hun, 284); *The People ex rel. Lefever* v. *Supervisors of Ulster County* (34 N. Y. 268); *Dutchess County Mut. Insurance Co.* v. *Van Wagonen* (132 id. 404).

There is nothing in section 641 expressly providing or which indicates that the Legislature intended that a failure to fully state the grounds for the attachment should necessarily make it void. There being nothing in the statute prohibiting it, the court, we think, had the inherent power to permit the amendment.   The attachment being a process in the action, power to amend it was given the court by section 723 of the Code of Civil Procedure, which provides that the court may at any stage of the action, in furtherance of justice, amend any process or other proceeding by correcting a mistake, etc.

Orders permitting amendments in similar cases have been sustained in the cases of *Kissam* v. *Marshall* (10 Abb. Pr. 424); *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Cook* (62 Hun, 303); *Gribbon* v. *Freel* (93 N. Y. 96); *Peiffer* v. *Wheeler* (76 Hun, 280); *The Thames & Mersey Insurance Co.* v. *Dimmick* (51 N. Y. St. Repr. 41); *Kibbe* v. *Wetmore* (31 Hun, 424).

In the latter case the attachment was issued upon the ground that the defendant was a non-resident of the State, which was the only ground stated in the attachment.   The court, on motion, allowed the writ to be amended by inserting therein that the defendant had disposed of his property with intent to defraud his creditors, and had kept himself concealed with like intent and with intent to avoid service of process.

The case of *Cronin* v. *Crooks* (143 N. Y. 352), upon which the respondent mainly relies to sustain the order, can, we think, be distinguished from this case.   There the affidavit upon which the attachment was issued stated but a single ground, to wit, that the defendant had assigned and disposed of her property with intent, etc.   It was recited in the warrant of attachment that defendant "has assigned and disposed of, or is about to assign or dispose of, her property," with intent, etc.

It was held that there was a failure to state any ground in the attachment, for the reason that to state in the alternative is to state neither the one nor the other fact.

The question whether the court below possessed the power to grant an amendment of the attachment was not presented to the court for decision, for in *Cronin* v. *Crooks,* so far as it appears, no such motion had been made. The amendment asked for here was manifestly in the interest of justice, and would have been granted had the court concluded that it possessed the power so to do.

As we are of the opinion that the court had the power to grant the relief, and that it was a very proper case for its exercise, the order vacating the attachment and the order denying the plaintiff's motion to amend should be reversed, and the plaintiff's motion to amend the attachment be granted.

Bradley, Ward and Adams, JJ., concurred.

Orders reversed and motion to amend granted.