ROSS et al. v. INGERSOLL et al.

(Supreme Court, Appellate Division, First Department. July 17, 1900.)

1. ATTACHMENT—ACTION ON DEMAND ATTACHED—JURISDICTION.

Where an attachment plaintiff and the sheriff serving the writ brought an action to recover a demand attached, as authorized by Code Civ. Proc., § 677, the attachment having issued out of a city court, a court of limited jurisdiction, and the validity of the attachment having been attacked by defendants, plaintiff cannot recover without proof of the jurisdiction of such court.

2. SAME.

Defendants in an action by an attachment plaintiff and the sheriff on a demand attached are not precluded from raising the validity of the attachment by Code Civ. Proc. § 682, which specifies the conditions under

65 N.Y.S.—48

which, and the persons by whom, a warrant otherwise valid may be vacated or modified, since the validity of the warrant is a condition precedent to the maintenance of the action.

3. SAME—SERVICE OF SUMMONS.

Under Code, § 638, authorizing issue of warrant of attachment, and prescribing personal service of summons on defendant within 30 days after granting the warrant in an action in the city court, such court acquires no jurisdiction, though the levy may have been sufficient, where no summons is served within 30 days.

Appeal from judgment on report of referee.

Action by J. C. Ross and others against Robert H. Ingersoll and another on an attached demand. Judgment for plaintiffs, and defendants appeal. Reversed.

See 54 N. Y. Supp. 827.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Henry B. Kinghorn, for appellants.

Edward Hassett, for respondents.

PER CURIAM. This is an action brought under section 677 of the Code of Civil Procedure, which authorizes the plaintiff in an attachment suit, jointly with the sheriff, to bring an action to recover a demand attached. To entitle the plaintiff to recover in such an action, it is necessary for him to prove a valid attachment. The warrant of attachment which lies at the foundation of this action was issued out of the city court. The complaint alleged that such an attachment was duly issued, and therefore, under the requirements of section 532 of the Code, that allegation was sufficient to authorize the plaintiffs to give proof of all jurisdictional facts which were required to show that the attachment was a valid one. The plaintiffs offered in evidence the attachment, which was admitted over the objection of the defendants. The plaintiffs also offered in evidence the affidavits upon which the attachment was granted. These were objected to by the counsel for the defendants, and they were thereupon withdrawn before the court had ruled upon their admissibility. Subsequently the counsel for the defendants withdrew his objections to the admission of the affidavits, and consented that they might be put in evidence; but the plaintiffs' counsel, although advised of the withdrawal of the defendants' objection, refused to introduce them in evidence, and consequently the affidavits nowhere appear in the case. The attachment was issued on the 1st of March, 1890. It was not made to appear in the case that any summons was issued to accompany the attachment, or at any time thereafter; and there was no evidence bearing upon the jurisdiction of the court which issued the attachment, or which tended in any way to establish such jurisdiction, except such as might be found in the warrant itself. The warrant was issued out of the city court, which is a court of special and limited jurisdiction. Ford v. Babcock, 1 Denio, 158. In such a case the rule is well settled that there is no presumption that jurisdiction exists, but the facts showing that it was acquired must be made to appear, as a condition

of the validity of any process issued out of the court. Frees v. Ford, 6 N. Y. 176; Ford v. Babcock, supra; Beaudrias v. Hogan, 16 App. Div. 38, 44 N. Y. Supp. 785. As no proof was given on this subject, the defendants' objection to the validity of the attachment, which was several times taken during the progress of the trial, was well founded.

But if the affidavits had been received in evidence, and had been sufficient to raise a presumption of the jurisdiction of the court, yet there is a defect which, unless it is remedied, is fatal to this action. Section 3170 of the Code gives directions as to the manner of the service of a summons issued out of the city court, and it prescribes that section 638 of the Code applies to actions in that court. Section 638 authorizes the issue of a warrant of attachment to accompany the summons, but it prescribes that personal service of the summons must be made upon a defendant against whose property a warrant of attachment is granted, within 30 days after the granting of the warrant, or else, before the expiration of the same time, service of the summons by publication must be commenced, or service thereof must be made without the state, pursuant to an order obtained for that purpose, as prescribed by the Code. While this section gives the court jurisdiction to issue a warrant of attachment before the service of the summons, yet such jurisdiction, when obtained, is conditioned upon the service of the summons within 30 days, as prescribed in section 638; and, if the summons has not been served as there prescribed, the jurisdiction falls to the ground, and the proceedings thereafter are the same as if jurisdiction had never been acquired. Waffle v. Goble, 53 Barb. 517. Therefore, although the city court might have acquired jurisdiction to issue the warrant of attachment, and although the levy under the warrant may have been sufficient, yet, as no summons was served within 30 days, the jurisdiction obtained failed, and the warrant and all proceedings under it were of no force.

The point is made by the respondents that, under section 682 of the Code, the defendants here are not in a situation to raise the question of the validity of the attachment, but that is not so. The validity of the warrant is a condition precedent to the maintenance of this action, and unless it is valid the action cannot be maintained. Section 682 does not apply to any such situation, but it only specifies the conditions under which, and the persons by whom, a warrant otherwise valid may be vacated or modified upon application to the court. The record shows many other objections, some of which are undoubtedly well taken; but, as the judgment must be reversed and a new trial granted for the defect above mentioned, it is not necessary to consider any of the other exceptions.

The judgment must be reversed, and a new trial granted, with costs to the appellants to abide the result of the action.