### KING v. KING.

(Supreme Court, Appellate Division, Second Department. March 8, 1901.)

1. ATTACHMENT—WARRANT—AMENDMENT—AUTHORITY OF COURT.

Code Civ. Proc. § 641, provides that a warrant for attachment must plainly recite the ground of the attachment. *Held*, that where a warrant was defective, in not stating that defendant was a nonresident, the trial court had power, on motion of plaintiff, to amend the warrant.

2. SAME—COMPLAINT—SUFFICIENCY.

A complaint alleged that K., plaintiff's father, and her brother, the defendant, were partners, and that K., in his will, gave his widow a life interest in the estate, with remainder over to his five children, and provided that defendant should have the privilege of buying such life interest, and that defendant exercised his option to purchase, and in consideration of such interest executed to K.'s executor a note for $9,000, and after the death of K.'s widow a one-fifth interest in the note was assigned by K.'s executor to plaintiff, which the defendant had refused to pay. *Held*, that the complaint stated facts sufficient to constitute a cause of action.

3. SAME—VERIFICATION OF COMPLAINT—SUFFICIENCY.

Where plaintiff was entitled, as heir of an estate, to a one-fifth interest in a note, and the executor of the estate assigned such interest to her, a complaint to recover such one-fifth interest, which was verified by plaintiff on information and belief, was not objectionable because the ground of her information was not stated.

68 N.Y.S.—69

**4. ASSIGNMENT—PART OF DEBT—VALIDITY.**

    Where plaintiff was entitled, as heir of an estate, to a one-fifth interest in a note, an assignment of such interest to her by the executor of the estate was not invalid because the whole obligation was not assigned.

Appeal from special term, Kings county.

Action by Beatrice Presswood King against Arthur R. King. From an order granting plaintiff's motion to amend a warrant of attachment, and from an order denying defendant's motion to vacate the attachment, defendant appeals. Affirmed.

Plaintiff, for cause of action, alleged that her father and the defendant, her brother, were partners; that her father, in his will, provided that his widow should have a life interest in the estate, with remainder over to his five children, and that the defendant should have the privilege of purchasing the life interest of the widow in the estate; that defendant exercised his right of purchase, and executed to her father's executor a promissory note for $9,000; and that after the death of the widow the executor of her father's estate assigned one-fifth of said note to plaintiff, which defendant had refused to pay.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

Daniel E. Delavan (G. Washbourne Smith, on the brief), for appellant.

Frank Harvey Field, for respondent.

HIRSCHBERG, J. A warrant of attachment was granted herein on the 26th day of November, 1900, but it did not recite the ground of the attachment, as required by section 641 of the Code of Civil Procedure. A good ground existed, as appears by the paper on which the warrant was obtained, viz. that the defendant is a nonresident. On December 7, 1900, the defendant served a notice of motion, returnable December 12th, for an order vacating the warrant, on the sole ground that the warrant was defective in the particular referred to. Thereafter the plaintiff procured an order requiring the defendant to show cause why the warrant should not be amended by inserting therein a statement of the ground of the attachment in these words: "That the defendant is not a resident of the state of New York, but is a resident of the state of New Jersey." On the hearing of both motions the court amended the warrant as asked for, and denied the motion to vacate. The appeals from such orders have been argued here together.

The court had power to amend the warrant. Stone v. Pratt, 90 Hun, 39, 35 N. Y. Supp. 519, and cases therein cited; Code Civ. Proc. § 723. The case of Cronin v. Crooks, 76 Hun, 120, 27 N. Y. Supp. 822, affirmed in 143 N. Y. 352, 38 N. E. 268, is not authority to the contrary, for no motion appears to have been made to amend the warrant in that case. Certainly this question was not considered.

The appellant insists that the original papers are defective in matters of substance, because the complaint does not state a cause of action, and because material averments are not within the knowledge of affiants, and the sources of information and grounds of belief are not stated. In form, the action is based on the assignment of a part of a claim, but the plaintiff is one of the beneficiaries of her father's

will, and as such is entitled to the same share in the subject-matter of the claim as has been assigned to her, independently of the assignment. This fact gives authenticity to her sworn statements which would not apply to a stranger purchasing a cause of action, and whose rights and knowledge thereof would necessarily be inferior. In Risley v. Bank, 83 N. Y. 318, it was held that an assignment of a portion of a debt is valid; and in the very recent case of Chambers v. Lancaster, 160 N. Y. 342, 54 N. E. 707, Chief Judge Parker said (page 348, 160 N. Y., and page 708, 54 N. E.), "It has long been settled in this state that a valid assignment of a part of an entire debt or obligation can be made." Whether the plaintiff can successfully enforce her rights in the action without bringing in the other beneficiaries is not now considered or determined. The complaint certainly states a good cause of action in favor of the plaintiff and against the defendant for breach of contract. The papers, taken together, confer jurisdiction to grant the writ. Stove Co. v. Darling, 81 Hun, 564, 30 N. Y. Supp. 1033; Hawkins v. Pakas, 39 App. Div. 506, 57 N. Y. Supp. 317; Anthony & Co. v. Fox, 53 App. Div. 200, 203, 204, 65 N. Y. Supp. 806; Haebler v. Bernharth, 115 N. Y. 459, 22 N. E. 167.

The orders should be affirmed, with $10 costs and disbursements in each case. All concur.