PIERCE v. MARTIN.

(City Court of New York, Special Term. April 13, 1903.)

1. ATTACHMENT—WARRANT—JURISDICTIONAL DEFECTS—NEW YORK CITY COURT.
    Code Civ. Proc. § 641, requiring a warrant of attachment to state the grounds therefor, and section 636, permitting attachment where defendant, being a resident, has been continuously without the state for more than six months, and has not designated a person on whom to serve summons in his behalf, as prescribed in section 430, do not apply to the City Court of New York, which is governed by section 3169, permitting a warrant of attachment on the same grounds, where the defendant, being "a resident of that borough, has been continuously without the United States," etc. Therefore an application in the City Court, stating the grounds in section 636, was jurisdictionally defective.

2. SAME—DESIGNATION OF AGENT FOR SERVICE OF SUMMONS.
    Under Code Civ. Proc. § 430, providing that a resident of the state may execute and acknowledge, in the manner required by law to entitle a deed to be recorded, a written designation of another resident of the state as a person on whom to serve summons during the absence from the state of the person making the designation, it is not essential to the validity of such a designation executed without the United States that it be dated.

3. SAME—DATE.
    A designation as originally prepared in France was typewritten, with a blank space left for the date in the designation itself, and also in the acknowledgment affixed thereto. In both the word "March" was printed, but in the designation it was crossed out, and above was written the word "February." Preceding the same the blank space was filled with the word "twenty-seventh," but the word "March" had not been erased from the acknowledgment, and the blank space there was also filled in with the word "twenty-seventh." The designation was filed in New York on March 30th. Held, that the court was justified in holding that the instrument was both dated and acknowledged on February 27th.

Action by Robert P. Pierce, as executor of Elizabeth T. Peckham, deceased, against Sarah W. Martin. Motion to vacate a warrant of attachment. Motion granted.

The grounds for attachment, as stated in the warrant, are as contained in Code Civ. Proc. § 636, relating to attachment of property generally, and providing that, among other grounds, attachment may be granted "where the defendant, being an adult and a resident of the state, has been continuously without the state of New York for more than six months next before the granting of the order of publication of the summons against him, and has not made a designation of a person upon whom to serve summons in his behalf, as prescribed in section 430."

Wales F. Severance, for plaintiff.
Wilber & Hart, for defendant.

DELEHANTY, J. Motion to vacate a warrant of attachment on the papers upon which it was issued, as well as additional ones. The basis of the application is (1) that the warrant is jurisdictionally defective, in that it appears to be granted on a ground provided by statute, but not applicable to this court; and (2) that, while issued apparently for the reason that defendant has been continuously absent in Europe for six months last past and has not designated a person upon whom papers might be served by filing the usual designation in the office of the county clerk, yet when issued such designation was actually on file in said clerk's office. The ground for the attachment was recited in the warrant to be:

"That defendant has been continuously without the state of New York for more than six months next before the granting of the order of publication of the summons against her, and has not made a designation of a person upon whom to serve summons in her behalf, as prescribed in section 430 of the Code of Civil Procedure, or otherwise."

So far as this court is concerned, there is no authority in law for the granting of an attachment based upon any such application. It is a ground under section 641 of the Code, but that section is not applicable to this court. Section 3169 of the Code prescribes the proof necessary to obtain a warrant of attachment in the City Court of the city of New York, and subdivision 4 thereof recites the ground evidently intended to be used herein, viz.:

"That the defendant, being an adult and a resident of that borough [Manhattan], has been continuously without the United States more than six months next before the granting of the warrant, and has not made a designation of a person upon whom to serve a summons in his behalf. * * *"

It is apparent, therefore, that this warrant is jurisdictionally defective. While it is true the court has power to amend the same (Stone v. Pratt, 90 Hun, 39, 35 N. Y. Supp. 519; Code Civ. Proc. § 723), yet to do so, it seems, a motion must be regularly made for that purpose. King v. King, 59 App. Div. 128, 68 N. Y. Supp. 1089. Such a course was adopted in both the cases cited, and in each instance the amendment was allowed as prayed for. No such formal application has been made here, but counsel requested both on the argument and brief submitted for permission so to amend.

As no objection has been made to the regularity of practice in this particular, I would be inclined to grant the motion, were it not for the other objection urged, which, in my opinion, is a valid one, and fatal to the sufficiency of the warrant in question. It appears that about 10:30 in the morning of March 30, 1903, the attachment in question was obtained, and at or about 9:15 a. m. of the same day a designation provided for by section 430 of the Code was duly filed in behalf of defendant in the office of the clerk of this county. Upon these facts, undisputed, this motion would be granted without further discussion. But plaintiff raises a novel and interesting point, which, if sustained, affects the very validity of the instrument of designation. Under said section 430 the designation referred to must be acknowledged in the same manner as a deed, to entitle it to be recorded. The designation in suit, while filed on March 30th, appears upon its face to have been acknowledged before the United States consul general at Paris, France, on the 27th of the same month. Plaintiff claims this a physical impossibility, and that, therefore, the papers stand before us as if unacknowledged. While it is true that the court can take judicial notice of the fact that it would be impossible, even in these days of marvelous invention, for this instrument to have been transmitted from the city of Paris to the city of New York in the time intervening the dates of acknowledgment and filing thereof, a period, at the most, of not more than four days, yet this, in itself, is insufficient to warrant a finding that no legal designation has been made or a forgery committed in connection therewith.

In the first place, I have been unable to discover any statutory provision requiring an acknowledgment made without the state, and in a foreign country, to be dated. Section 256 of the Real Property Law (chapter 547, p. 611, Laws 1896) requires commissioners appointed by the Governor, for a city or county within the United States, to state the time and place of acknowledgment in the certificate thereof, and that is the only provision covering the subject investigation has revealed to me. Furthermore, it is apparent, from an inspection of the instrument in question, that the date in the acknowledgment was inserted through mistake, pure and simple, on the part of the consul general. The paper is typewritten, and as originally prepared a blank space was left for the dating in the designation itself as also the acknowledgment affixed thereto. In both "March" is typed, but in the designation it is lined out, and over the erasure is written, in ink, the word "February." Preceding the same, the blank space is filled in in ink with the word "twenty-seventh," which makes the date of the instrument in question read "twenty-seventh February, 1903." The word "March" has not been erased from the acknowledgment, but the blank space there has also been filled in, in ink, with the word "twenty-seventh." I am justified, under the authorities, in holding that this instrument was both dated and acknowledged on February 27, 1903, notwithstanding the apparent discrepancy in the dates thereof. To do this preserves the manifest intent of the designator, and at the same time prevents a mere lapsus on the consul's part from destroying or nullifying a paper otherwise valid and legal in every respect. Claflin v. Smith, 35 Hun, 372.

As was further said in that case, it should be the aim of the court, in cases of defective certificates, to preserve and not destroy, and be astute to find means to make official acts effectual, and, if necessary so to do, to refer to the deed itself. In Jones v. Hoyt, 85 Hun, 35, 32 N. Y. Supp. 625, the court declined to vacate a writ of replevin based upon an affidavit which failed to contain the words "City of Syracuse" and the letters "ss," but, on the contrary, allowed the omission to be supplied upon motion. It was there held that the affidavit would not be rendered a nullity, or the oath invalidated, where it appears that it was duly administered by a proper officer within his jurisdiction.

The claim in the case at bar that the acknowledgment is further defective for the reason that the consul general's residence is not stated therein, as required by the real property law, is without merit. The officer in question was entitled to take the acknowledgment, and, as was said in People, etc., v. Snyder, 41 N. Y. 402:

"It must be presumed that he did it within the limits of his jurisdiction, even though that is not stated to have been the case in the certificate which he made; for the legal presumption is in favor of the validity of the acts of public officers, where nothing appears warranting a different conclusion."

It follows, therefore, that the attachment was improperly granted, and the motion to vacate the same must be allowed, and with costs. Settle order accordingly on notice.