ROGERS et al. v. INGERSOLL et al.

(Supreme Court, Appellate Division, First Department. April 14, 1905.)

1. ATTACHMENT—WARRANT—COLLATERAL ATTACK.
    Where the court issuing a warrant of attachment has jurisdiction, the sufficiency of the affidavits for the attachment is not questionable on a collateral attack.

2. SAME—RECITALS OF WARRANT—GROUNDS—IRREGULARITY—EFFECT.
    Code Civ. Proc. § 641, provides that a warrant of attachment must state the ground of attachment, and by section 636, plaintiff, to obtain such a warrant, must show by affidavit that the defendant has removed or is about to remove property from the state, with intent to defraud his creditors, or has assigned, disposed of, or secreted, or is about to assign, dispose of, or secrete, property with the like intent. Held, that a recital of grounds in the alternative in a warrant of attachment is an irregularity rendering the warrant obnoxious to a motion to vacate, but the effect is not jurisdictional, and the warrant is valid until vacated.

3. SAME—ATTACHMENT—LEVY ON PARTNERSHIP PROPERTY.
    The fact that a warrant of attachment was obtained against two of the three defendants sued, the action being against the defendants as partners, was no objection to a levy on the property of the firm, the two defendants against whom the warrant was obtained having been served and appeared.

4. SAME—ACTION TO ENFORCE ATTACHMENT—PERMISSION TO SUE.
    Code Civ. Proc. § 677, provides in relation to attachment that plaintiff, by leave of the court or judge, procured under section 678, may bring in the name of himself and the sheriff jointly any action which might be brought by the sheriff to recover a demand attached; and the next section provides that the court or judge must grant leave to bring such action where it appears that due notice of application has been given the sheriff. Held, that the leave of court referred to by the statute means the court

in which the action is brought, and not the court of which the officer who issued the warrant of attachment was a member.

**5. APPEAL—INTERLOCUTORY ORDER—ORDER SUBSTITUTING PLAINTIFF.**

Code Civ. Proc. § 1316, provides that an appeal taken from a final judgment brings up for review an interlocutory judgment or an intermediate order which necessarily affects the final judgment. *Held,* that an order substituting a plaintiff is not within the statute.

**6. SAME—WAIVER OF DEFECTS.**

Where an order substituting a plaintiff was not appealed from, and defendant proceeded with the trial of the cause before a referee, he waived any defect in the papers on which the motion for substitution was granted.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Parties, §§ 167, 176.]

Appeal from Judgment on Report of Referee.

Action by John Z. Rogers and others against Robert H. Ingersoll and another on a demand attached. From a judgment for plaintiffs, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Henry B. Kinghorn, for appellants.

Philip Carpenter, for respondents.

INGRAHAM, J. This action was tried before a referee. A large part of the record is taken up by objections taken and the arguments thereon by the defendants' counsel, most of which are absolutely frivolous, repeated again and again, and now insisted on; the appellants' brief stating, "Therefore the appellants note the fact here that every objection in the case is good ground for reversal." It would be a waste of time to discuss most of these objections, and all that I shall attempt to do is to point out what appears to be the real questions in the case.

The action is brought by the plaintiffs as attachment creditors with the late sheriff of the county of New York under section 677 of the Code of Civil Procedure to recover a demand attached by the sheriff under a warrant of attachment. It is alleged that about the 1st day of March, 1890, the defendants were indebted to Perlman, Manson, and Libman, copartners doing business in the city of New York, and that on the same day a warrant of attachment was duly issued out of the City Court directed to the sheriff of the city and county of New York, commanding him to attach the property of the defendants Perlman and Manson in that county and deliver to the sheriff, who, by virtue of the said warrant of attachment, levied upon an indebtedness in favor of Perlman, Manson, and Libman from the defendants. The answer is, in substance, a denial of the allegations of the complaint, except the copartnership of the defendants, and alleges that there is a defect of parties plaintiff in the omission of Perlman, Manson, and Libman. This case was before this court on a former appeal from a judgment in favor of the plaintiffs, where the judgment was reversed upon the ground that the affidavits upon which the warrant of attachment was **granted were not introduced in evidence, and that, therefore, it**

was not made to appear that the City Court had jurisdiction to issue the warrant of attachment.　53 App. Div. 86, 65 N. Y. Supp. 753. The case has been again tried, and has resulted in a judgment for the plaintiffs, and from that judgment the defendants appeal.

It is strenuously claimed by the defendants that the decision of the former appeal required a dismissal of the complaint, but I think that upon the evidence upon the new trial the City Court had jurisdiction to issue the warrant of attachment.　It appeared that the action in the City Court had been commenced against the defendants in that action prior to February 14, 1890, at which time the defendants Perlman and Manson appeared and answered.　The third defendant in that action does not appear to have been served, nor did he appear in the action.　The court thus having jurisdiction of the parties and of the subject-matter of the action, the plaintiffs, on the 1st of March, 1890, obtained from a justice of the City Court a warrant of attachment against the property of the defendants Perlman and Manson upon the complaint in the action and upon the affidavits of one of the plaintiffs, the plaintiffs' attorney, and of one Symons, an advertising agent in the city of New York.　The ground upon which the attachment was obtained was that the defendants Perlman and Manson were about to assign, dispose of, or secrete property with intent to defraud their creditors.　I think these affidavits were sufficient to give the justice jurisdiction to issue the warrant, and, he having jurisdiction to issue the warrant, his action could only be reviewed by a direct attack upon it, and the validity of the warrant cannot be questioned collaterally.　They were facts sworn to as to the action of the defendants in regard to their property which bore upon an intention on the part of the defendants in that action to collect what was owing to them, in the meantime refusing to apply what they collected to the payment of their debts.　It is quite true that the evidence was not convincing, and upon a direct attack upon the attachment it might have been vacated; but there was evidence ending to show the facts which justified the granting of an attachment, and the justice who granted it therefore had jurisdiction.　The attachment granted recited as the ground upon which it was granted that "the said defendants Perlman and Manson have removed or are about to remove property from this state with intent to defraud their creditors, or have assigned, disposed of, or secreted, or are about to assign, dispose of, or secrete, their property with intent to defraud their creditors"; and the defendants strenuously insist that this rendered the warrant of attachment void.　Section 641 of the Code of Civil Procedure provides that the warrant must briefly recite the ground of the attachment, and section 636 of the Code provides that, to entitle the plaintiff to a warrant of attachment, he must show by affidavit that the defendant has removed, or is about to remove, property from the state, with intent to defraud his or its creditors; or has assigned, disposed of, or secreted, or is about to assign, dispose of, or secrete, property with the like intent; and in Cronin v. Crooks, 143 N. Y. 352, 38 N. E. 268, the Court of Appeals, affirming an order of the General Term of the Supreme Court, held that, as the warrant

must briefly recite the ground of the attachment, a warrant which recited these grounds in the alternative was not a compliance with the Code, as to state in the alternative is to state neither the one nor the other fact, and that such an alternative statement results in a mutual exclusion. The effect of this decision is that the warrant stated in substance no ground upon which it was granted, was not a compliance with section 641 of the Code, and was thus properly vacated upon a motion to accomplish that result. This, however, was an irregularity merely, and did not affect the validity of the warrant until it was vacated. While it did not comply with this provision of the Code, it did command the sheriff to attach the property of the defendants in the action. It protected the sheriff in acting under it, and a levy by the sheriff was sufficient to create a lien upon the property attached so long as the attachment remained unvacated. Whether or not the warrant recited the correct ground was of no concern to the sheriff. The sheriff was bound to execute the warrant, and to take the property of the defendants that was capable of manual delivery in his possession, and hold it pursuant to the command of the attachment. He was also bound to levy upon debts due to the defendants, and hold such indebtedness subject to the determination of the action, and by the service of the warrant of attachment in the method prescribed by the Code of Civil Procedure he acquired a lien upon an indebtedness due by the defendants in this action to the defendants in the attachment suit, and was entitled to collect such indebtedness, to carry out the mandate in the warrant. And it was this that plaintiffs proceeded to do by the commencement of this action, as provided in section 677 of the Code. That a defect of this character in the attachment is not jurisdictional, and does not render the attachment void, appears from the fact that the court had power to amend the attachment. Stone v. Pratt, 90 Hun, 39, 35 N. Y. Supp. 519; King v. King, 59 App. Div. 128, 68 N. Y. Supp. 1089. Nor was the fact that the attachment was obtained against two of the three defendants sued an objection that prevented the sheriff from levying upon the copartnership property. The action was against the defendants as copartners, and two of the defendants had been served and appeared and answered. In a judgment in that action the copartnership property would have been subject to levy under execution, and an attachment against the two defendants who had been served and had appeared was sufficient to justify a levy upon copartnership property, as well as the individual property of the two defendants against whom the attachment had been issued. I also think that there was a levy upon the indebtedness of these defendants to the defendants in the action in which the attachment was issued, and that the order granted by the Court of Common Pleas authorizing the commencement of this action was a compliance with section 677 of the Code. The leave of the court to bring the action evidently refers to the court in which the action is brought, and not to the court of which the officer who issued the warrant of attachment is a member. The justice issuing the attachment was a justice of the City Court expressly authorized by statute to issue the warrant

of attachment. When the leave of the court to bring the action was required, it was evidently intended that the court, or a judge thereof, in which the action was to be commenced, was to grant the leave required; and in pursuance of this leave this action was commenced in the Court of Common Pleas of the City and County of New York. I also think the evidence was ample to sustain the finding of the referee that the defendants were indebted to Perlman and Manson.

On this appeal the defendants also seek to review an order substituting the present plaintiff as the assignee of the former plaintiff in the action to whom the cause of action had been assigned, and who had been substituted as one of the plaintiffs in the place of the original plaintiff, who was the plaintiff in the attachment action. This order seems to have been made by the Special Term of the Supreme Court on September 30, 1901. No appeal was taken from this order until the appeal from the judgment, and it is now attempted to review the order under section 1316 of the Code of Civil Procedure. It is there provided that "an appeal, taken from a final judgment, brings up for review an interlocutory judgment, or an intermediate order, which is specified in the notice of appeal, and necessarily affects the final judgment; and which has not already been reviewed, upon a separate appeal therefrom, by the court or the term of the court, to which the appeal from the final judgment is taken." I do not think that this order falls within the class specified in this section of the Code. The order was interlocutory, and determined the person in whose name the action should be continued. It had no relation to the final judgment, and did not in any way affect it. The defendants, not having appealed from that order, and proceeding with the trial before the referee, waived any defect in the papers upon which it was granted.

I have thus indicated my views upon what I consider to be the only questions of any consequence in this case. As before stated the case is full of objections and exceptions to rulings upon evidence, but none of them are of importance upon the main questions presented, and which have been here indicated. The substantial facts necessary to determine the action were proved before the referee by evidence that was entirely competent, and about which there is no substantial dispute, the sole effort of the defendants being to prevent the plaintiff from proving the facts which, when proved, were not denied in any substantial manner by the defendants.

I think, therefore, that no error was committed which would justify us in reversing the judgment, and it is therefore affirmed, with costs. All concur.