FLORA B. MABIE, Appellant, *v.* WILLIAM W. FULLER, Respondent.

Third Department, March 19, 1930.

*Murphy, Mawhinney, Cohen & Young* [*Donald M. Mawhinney* of counsel; *William M. Peckham* with him on the brief], for the appellant.

*Oliver D. Burden* [*Herman V. S. Groesbeck* of counsel], for the respondent.

VAN KIRK, P. J. This action is in ejectment. The plaintiff, under her father-in-law's will, has an estate for life in a farm in Madison county, with unrestricted right to possess and use it. The will was proved September 25, 1917. The defendant claims title to this farm under a tax deed from the county treasurer.

The taxes on this farm for the year 1922 were unpaid and were so returned to the county treasurer April 3, 1923. On October 17, 1923, the county treasurer sold the farm for the unpaid taxes. On October 24, 1924, the county treasurer's deed was delivered to the defendant and in May, 1925, it was recorded. This action was begun in October, 1925. The period of redemption expired in October, 1924. (Tax Law, § 152, as amd. by Laws of 1919, chap. 443.) At all times since 1917 plaintiff has been a non-resident of the tax district, living in the city of Syracuse, Onondaga county. She has occupied the premises at all times since September, 1917, until May, 1925, through tenants, who worked the farm on shares and stored the products in the buildings thereon. These tenants did not reside on the farm but did reside in its neighborhood; their

use of it was open and notorious and such as would readily identify them to any one seeking to find its occupants. The plaintiff testified that she did not know of the tax sale until May, 1925, when the defendant entered into possession of it under his tax deed.

The farm was sold in compliance with the provisions of article 7 of the Tax Law. In section 158 of that article it was provided that article 6 of the Tax Law " shall, in so far as it is not otherwise herein provided, govern and control the action of the county treasurer, who shall perform the duties therein devolved upon the Comptroller and the same rights and remedies shall be deemed to exist under the provisions of this article    *    *    *." Section 134* of article 6 provides: " If any lot    *    *    *    sold for taxes by the Comptroller and conveyed    *    *    *    shall, at the time of the expiration of one year given for the redemption thereof, be in the actual occupancy of any person, the grantee to whom the same shall have been conveyed    *    *    *, shall, within one year from the expiration of the time to redeem, serve a written notice on the person occupying such land, either personally or by leaving the same at the dwelling-house of the occupant, with a person of suitable age and discretion belonging to his family. If the occupant does not reside in the tax district in which the real estate is situated the notice may be served by mail in the manner required by law in respect to notices of non-acceptance or nonpayment of notes or bills of exchange.    *    *    * Service on a tenant shall be service on his landlord.    *    *    *." In the present case the farm was actually occupied at the expiration of the period of redemption. It has been held that a vacant lot is actually occupied if it is cultivated each year by a tenant, such use being open and notorious. (*People* v. *Ladew*, 237 N. Y. 413, 421, citing *People ex rel. Russell* v. *Doty*, 234 id. 559.) Though the farm was so occupied, no notice to redeem was served upon the plaintiff or upon her tenant.

After specifying what shall be contained in the notice to redeem, this section 134 further provides: " No conveyance made in pursuance of this section shall be recorded until the expiration of the time mentioned in such notice, and the evidence of the service of such notice shall be recorded with such conveyance." No evidence of the service of a notice to redeem existed in this case and none was recorded with the conveyance to the defendant. The record of the deed is, therefore, void. (*Ostrander* v. *Reis*, 206 N. Y. 448; *People* v. *Ladew*, 189 id. 355; s. c., 237 id. 413, 420.)

Section 137 of the Tax Law* affords no protection to defendant's title. This section contains the following: " Redemption by occupant before notice and effect of failure to redeem. The occu-

pant of any lot * * * sold for taxes by the Comptroller * * *, or any person who had the title thereto or an interest therein at the time of the sale, may, at any time before the service of such notice by the purchaser or the person claiming under him and within two years from the expiration of the year allowed by law for the redemption thereof and not thereafter, redeem any land so occupied * * *. In case of failure to redeem within the time herein specified, the sale and conveyance thereof shall become absolute and the occupant and all other persons barred forever." The court has found that the plaintiff did not redeem the property within the two years allowed after the expiration of the period of redemption, which two years expired in October, 1926. It is now too late to redeem, but it is too late for the defendant to give the notice to redeem required by section 134 of the Tax Law. The sale of the farm in 1923 is invalid and ineffectual to give title to the land sold. (*Ostrander* v. *Reis, supra; People* v. *Ladew, supra.*) The court may award the plaintiff immediate possession of the farm. (*City of Syracuse* v. *Hogan,* 234 N. Y. 457, 462.) The county treasurer, on proper application made, must cancel the sale and cause the purchase money and the interest thereon to be refunded. (Tax Law, § 140, as amd. by Laws of 1921, chap. 643, and Laws of 1928, chap. 845.)

Several other objections to the validity of the proceedings are raised upon this appeal but if our view is correct, it is unnecessary to consider them.

The plaintiff demands, and could on proper proof recover, damages for withholding the property. (Civ. Prac. Act, § 990.) The damages recoverable are declared in section 1011 of the Civil Practice Act, namely: "The rents and profits, or the value of the use and occupation, of the real property recovered, for a term not exceeding six years; but the damages shall not include the value of the use of any improvements made by the defendant or those under whom he claims. Where permanent improvements have been made in good faith by the defendant or those under whom he claims, while holding, under color of title, adversely to the plaintiff, the value thereof must be allowed to the defendant in reduction of the damages of the plaintiff, but not beyond the amount of those damages." Such damages are to be calculated to the date of the recovery. (*Danziger* v. *Boyd,* 120 N. Y. 628.) The trial court did not reach the question of damages. The evidence is unsatisfactory as to the amount of damages suffered and as to the permanent improvements made by the defendant in good faith. In the state of the proof we conclude that the permanent improvements fairly offset the value of the use and occupation of the property.

The judgment should be reversed, with costs.

We reverse the third finding of fact. We find that the land sold for taxes was, at the expiration of the period of redemption, in the actual occupancy of the plaintiff and her tenants. No notice to redeem was served on the person or persons occupying the land, and evidence of the service of such a notice was not recorded with the conveyance by the county treasurer. No title passed to the defendant by the county treasurer's deed. The deed is void. The plaintiff has an unrestricted life use of the farm and is entitled to immediate possession thereof. The damages recoverable are fairly offset by the permanent improvements made in good faith by the defendant. Judgment should be entered accordingly.

HINMAN, WHITMYER, HILL and HASBROUCK, JJ., concur.

The court reverses the third finding of fact, and finds as follows: That the land sold for taxes was, at the expiration of the period of redemption, in the actual occupancy of the plaintiff and her tenants; that no notice to redeem was served on the person or persons occupying the land, and evidence of the service of such a notice was not recorded with the conveyance by the county treasurer; that no title passed to the defendant by the county treasurer's deed; that the deed is void; that the plaintiff has an unrestricted life use of the farm and is entitled to immediate possession thereof; that the damages recoverable are fairly offset by the permanent improvements made in good faith by the defendant; and that judgment should be entered accordingly.