FERN THOMSON, Respondent, v. JOHN ALEXANDER McCREERY, Defendant, and SIDNEY THOMPSON, Appellant.— Action to recover damages for personal injuries sustained by plaintiff as the result of the negligence of defendant Thompson, a physician, in the care and treatment of the plaintiff following a surgical operation. By stipulation, the action against defendant McCreery was discontinued. Judgment in favor of plaintiff and against defendant Thompson and order denying said defendant's motion to set aside the verdict unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Davis and Johnston, JJ.

N. V. TONERDE MAATSCHAPPIJ VOOR MONTAAN-CHEMIE, Respondent, v. GREAT LAKES COAL AND COKE COMPANY, Appellant.— In an action for breach of contract for the sale of coke, order denying defendant's motion to vacate warrant of attachment or reduce the amount thereof, in so far as appealed from, affirmed, with ten dollars costs and disbursements. The moving papers, apart from the complaint, established that the cause of action sued on is a contract made in New York, and hence the proper subject of an action under section 225 of the General Corporation Law, subdivision 1. The complaint may properly be deemed to be part of the affidavit of Schwarzschild by reason of the reference thereto in that affidavit. The warrant of attachment was properly amended to include the recital of the complaint, in view of that affidavit making apparent that the complaint was one of the papers upon which the warrant of attachment originally issued. (*King* v. *King*, 59 App. Div. 128; Civ. Prac. Act, § 822.) A *prima facie* showing sufficiently appears in the affidavits to sustain the attachment in the full amount. The accuracy of defendant's computations and of the premises upon which they are made must await the trial. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.